## ERMA V. STONESIFER *v.* STATE OF MARYLAND, SPRING GROVE STATE HOSPITAL ET AL.

[No. 247, September Term, 1976.]

\* \* \*

## JEROME B. MILBURN *v.* DEPARTMENT OF CORRECTION, PATUXENT INSTI-TUTION ET AL.

[No. 248, September Term, 1976.]

*Decided February 2, 1977.*

The cause was argued before MORTON, MENCHINE and MASON, JJ.

*William H. Engelman,* with whom were *Marc P. Charmatz* and *Kaplan, Heyman, Greenberg, Engelman & Belgrad* on the brief, for appellant.

*Edward J. Glusing, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, J. Howard Holzer, Special Assistant Attorney General,* and *John L. Ulrich, Jr., Assistant Attorney General,* on the brief, for appellees.

MORTON, J., delivered the opinion of the Court.

These cases are consolidated appeals from orders of the Circuit Court for Baltimore County (Proctor, J., presiding), dated March 19, 1976, which disallowed future compensation to appellants, Erma V. Stonesifer and Jerome B. Milburn, under Article 101 (Workmen's Compensation Article) of the Annotated Code of Maryland. The orders were entered on the basis that appellants were receiving pension benefits provided by their employers which were in excess of their workmen's compensation awards.

Appellant, Erma V. Stonesifer, sustained an accidental injury while in the course of her employment with the State of Maryland at Spring Grove State Hospital on April 22, 1971. After a hearing on the issue of the nature and extent of her disability, the Workmen's Compensation Commission, on March 8, 1973, awarded her compensation benefits for permanent partial disability in a sum not to exceed $6,125, payable at the rate of $35 per week.

On May 9, 1970, appellant, Jerome B. Milburn, sustained an accidental injury while in the course of his employment with the Department of Corrections at Patuxent Institution. Upon a hearing on the nature and extent of his disability, the Workmen's Compensation Commission awarded him, on December 28, 1971, compensation benefits for permanent

partial disability in a sum not to exceed $10,680, payable at the rate of $40 per week.

The State Accident Fund, the insurer of appellees, made weekly payments in both cases until July 26, 1974, when it informed appellants that future compensation would be disallowed as they were receiving retirement benefits in excess of compensation under Article 101. It is uncontested that both appellants were receiving more benefits from their respective retirement and pension funds supplied by their employers than they were from the State Accident Fund under the Workmen's Compensation Act.

Article 101, § 33 (c) of the Annotated Code of Maryland, which became effective as of May 28, 1971, reads as follows:

> "Whenever by statute, charter, ordinances, resolution, regulation or policy adopted thereunder, whether as part of a pension system or otherwise, any benefit or benefits are furnished employees of employers covered under § 21 (a) (2) of this article, the dependents and others entitled to benefits under this article as a result of the death of such employees, the benefit or benefits when furnished by the employer shall satisfy and discharge pro tanto or in full as the case may be, the liability or obligation of the employer for any benefit under this article. If any benefits so furnished are less than those provided for in this article the employer shall furnish the additional benefit as will make up the difference between the benefit furnished and the similar benefit required in this article."

Upon appellants' requests, a hearing was held before the Workmen's Compensation Commission on the issue of the failure of the employer/insurer to comply with the aforementioned Orders of the Workmen's Compensation Commission. In both cases the Commission disallowed compensation under Article 101 pursuant to a retroactive application of § 33 (c). No payments have been made by the State Accident Fund since July 26, 1974. The parties agree that, aside from the merits of appellees' contention, there is

an unpaid balance due Stonesifer of $1,027.89 and one of $3,332.86 due Milburn.

Appellants filed appeals to the Circuit Court for Baltimore County. Following a hearing in each case, Judge Kenneth C. Proctor affirmed the Orders of the Workmen's Compensation Commission ruling that § 33 (c), which became effective May 28, 1971, a date subsequent to the date of injury in both cases, is retroactive and thus encompasses appellants' claims.

Appellants contend that the court below erred when it held § 33 (c) to be retroactive.

We hold that the issue of the retroactivity of § 33 (c) is irrelevant with regard to appellant, Milburn. Milburn's injury, as noted above, was sustained on May 9, 1970. The law is clear that a "claimant's rights are governed by the statute at the time of the injury and not as of the time of filing the claim." *Mutual, Etc. Co. v. Pinckney,* 205 Md. 107, 113 (1954). As of May 9, 1970, the relevant law, then embodied in Article 101, § 33 (a), provided:

> "Whenever and so long as by State law, city charter, or municipal ordinance, provision equal to or better than that given under the terms of this article is made for municipal employees injured in the course of employment, such employees shall not be entitled to the benefits of this article."

In *Montgomery County v. Kaponin,* 237 Md. 112 (1964), the Court of Appeals interpreted this provision as not allowing a set-off when the employer's retirement plan provided less benefits than that allowed under the Workmen's Compensation Act. Thus, unless the employer's plan was equal to or better than the Commission's award, a claimant was allowed to recover twice for the same injury.

"In what was apparently a delayed reaction to the *Kaponin* holding, the 1970 General Assembly deleted the provision [§ 33 (a)] from the law. Acts 1970, ch. 741." *Nooe v. City of Baltimore,* 28 Md. App. 348, 350 (1975). This Act, however, did not take effect until July 1, 1970. As such, applying *Mutual, Etc. Co. v. Pinckney, supra,* the afore-

mentioned § 33 (a) was still the applicable law as of May 9, 1970, the date of Milburn's injury.

While *Kaponin* was decided on the fact that the employer's retirement plan was less than the award provided under the Workmen's Compensation Act, in Milburn's case the benefits provided by his employer's retirement plan exceeded that of the Commission's.

Furthermore, since Milburn is one of the "municipal employees" specifically enumerated in § 33 (a), we reach the inevitable conclusion that he is not entitled to benefits under the Workmen's Compensation Act by virtue of his employer's retirement plan being in excess of that of the Commission's at the time he sustained his injury.

Stonesifer's injury was sustained on April 22, 1971. Thus, it is clear that her claim is not affected in any manner by former § 33 (a), the repeal of which became effective on July 1, 1970. We note that the General Assembly did not enact a new law on the issue of an employer's retirement and pension plan vis-à-vis recovery under the Workmen's Compensation Act until the Acts of 1971, ch. 785 (the present § 33 (c) of Art. 101), the effective date of which was May 28, 1971. It was during this eleven month "gap" that Stonesifer was injured, namely, April 22, 1971. Thus, unless § 33 (c) is to be applied retroactively, Stonesifer will be allowed to receive under both her employer's retirement plan and the Workmen's Compensation Act.

The prevailing rule with regard to a statute's retroactivity *vel non* was stated by this Court in *Wittel v. Baker*, 10 Md. App. 531, 539 (1970):

> "[T]he courts, under the cardinal rule, should ascertain whether the legislative intent was to have an Act apply prospectively or retrospectively and give that intention effect. When the legislature provides in the Act how it is to be applied the legislative intent is clear. When it does not so expressly or implicitly provide, certain presumptions arise as an aid in determining the legislative intent. 'The general presumption is that

all statutes, State and federal, are intended to operate prospectively and the presumption is found to have been rebutted only if there are clear expressions in the statute to the contrary. Retroact[ivity], even where permissible, is not favored and is not found, except upon the plainest mandate in the Act.' * * * 'This rule of construction is particularly applicable where the statute adversely affects substantive rights rather than only altering procedural machinery.' "

In our view, whether an injured employee is allowed to recover under two compensation plans or just one is clearly a question of substantive right. Thus, following the dictates of *Wittel v. Baker, supra,* unless there are "clear expressions" in § 33 (c) that it is to be applied retroactively, the presumption is that it was intended by the Legislature to be prospective only. Appellees stress the fact that since § 33 (c) begins with the word "[w]henever," it was the intention of the General Assembly that the statute be retroactive. We do not deem this to be a "clear expression" of the Legislature's intent. Moreover, "[t]he Workmen's Compensation Act should be construed as liberally in favor of injured employees as its provisions will permit in order to effectuate its benevolent purposes." *Keene v. Insley,* 26 Md. App. 1, 11 (1975). We conclude that § 33 (c) is not to be given retroactive application.

> *Judgment as to appellant, Milburn, affirmed; Milburn to pay one-half the costs.*
>
> *Judgment as to appellant, Stonesifer, reversed; appellee to pay one-half the costs.*