# THE SUBSEQUENT INJURY FUND *v.* DOROTHY J. BAKER

[No. 1008, September Term, 1977.]

*Decided October 11, 1978.*

The cause was argued before THOMPSON, DAVIDSON and MASON, JJ.

*E. George Bendos, Assistant Attorney General,* with whom was *Francis Bill Burch, Attorney General,* on the brief, for appellant.

*Joel H. Pachino,* with whom were *Friedman, Pachino & Friedman* on the brief, for appellee.

MASON, J., delivered the opinion of the Court.

The sole issue we are concerned with on this appeal is whether the doctrine of *res judicata* precluded the Workmen's Compensation Commission (Commission) from reopening and modifying its award to Appellee, Dorothy J. Baker,[1] against the Subsequent Injury Fund (Fund), Appellant.

On October 4, 1973, Carlton Baker sustained a fracture of his right arm in the course of his employment. While in the hospital for treatment of this injury it was discovered that he had multiple myeloma, a form of bone cancer, which antedated the accidental injury. As a result of this pre-existing condition the Fund was impleaded and made a party to the case. On September 3, 1974, the Commission found that Baker was permanently and totally disabled and awarded him benefits in the amount of $45,000. The employer-insurer was ordered to pay $6,667 of this amount based on a finding by the Commission that the accidental injury caused Baker to sustain a 40% loss of use of his right hand. The Fund was ordered to pay the balance, $38,333. The employer-insurer filed an appeal to the Circuit Court for Baltimore County from this decision; the Fund, however, did not appeal.

On October 20, 1975, a hearing was held on the employer-insurer's motion for summary judgment based on the case of *Gillespie v. R & J Construction Co.*, 275 Md. 454 decided July 8, 1975. That case held that the Workmen's Compensation Commission cannot award a greater disability for the loss of an eye than the highest medical rating. In this case the highest medical rating was 20% loss of use of the arm whereas the Commission awarded Baker 40% loss of use of the hand. Judge Turnbull in ruling on the motion for summary judgment said:

> "Gentlemen, I think in the light of the Gillespie case, the matter must be remanded so that the Workmen's Compensation Commission can pass an order in light of the decision of the Court of Appeals.

---

1. Appellee is the widow of Carlton Baker, deceased claimant, who died on or about February 4, 1976.

I will sign an Order remanding this case to the Workmen's Compensation Commission for further proceedings in light of the decision of the Court of Appeals of Maryland in Gillespie v. R. & J. Construction Company."

On remand of the case to the Commission, the Fund filed additional issues and requested the Commission to modify its prior award against the Fund on the basis of the case of *Subsequent Injury Fund v. Thomas,* 275 Md. 628, decided August 6, 1975. In *Thomas, supra,* the Court held, in essence, that the Fund is not liable for a disability caused by the deterioration of a pre-existing impairment which arises after a subsequent compensable injury and is neither aggravated nor accelerated by the subsequent compensable injury. Based on *Thomas, supra,* the Commission modified its prior order by eliminating the $38,333 it had awarded to Baker against the Fund, but it affirmed the award of $6,667 against the employer-insurer. From this decision the employer-insurer and claimant appealed. After a hearing Judge Land passed an order restoring the claimant's award of $45,000. The employer-insurer was directed to pay $2,100 which represented a 20% loss of use of the hand, and the Fund was ordered to pay the balance, $42,900. In reaching this decision the lower court reasoned that because the Fund did not appeal the original order of the Commission directing it to pay Baker $39,990, that order was *res judicata* and the Commission exceeded its authority on remand by reopening the case and hearing issues that were previously determined. We disagree.

In *Alvey v. Alvey,* 225 Md. 386, 390 (1961) the Court of Appeals, in explicating the doctrine of *res judicata* stated: "The doctrine of res judicata is that a judgment between the same parties and their privies is a final bar to any other suit upon the same cause of action, and is conclusive, not only as to all matters that have been decided in the original suit, but as to all matters which with propriety could have been litigated in the first suit, . . . ." *Accord, MPC, Inc. v. Kennedy,* 279 Md. 29, 32 (1977); *Frontier Van Lines v. Maryland Bank & Trust Co.,* 274 Md. 621, 623 (1975).

The extent to which the doctrine of *res judicata* applies to determinations of administrative agencies in this state is still unclear. In *White v. Prince George's County,* 282 Md. 641, 658 (1978) the Court said:

> "Although early cases often made the sweeping statement that decisions of administrative agencies can never be *res judicata,* this Court later came to recognize that the principles of public policy underlying the rule of *res judicata* were applicable to some administrative agencies performing quasi-judicial functions.

> \* \* \*

> "The Tax Court is an administrative agency performing a quasi judicial function, as opposed to a court performing a judicial function, because of the limitations in the Maryland Constitution concerning the establishment of courts and the performance of judicial functions. Shell Oil Co. v. Supervisor, supra. Nevertheless, under the provisions of Art. 81, §§ 224-231, it functions in many respects as a court. Among other things, the Tax Court has the power to issue subpoenas to compel the attendance of witnesses and the production of documents (§ 231); it is directed to conduct its proceedings 'in a manner similar to proceedings in courts of equity in this State' (§ 229 (c)); and its 'order is final and conclusive' unless an appeal to the courts is taken (§ 229 (i)). Particularly in light of this latter provision, we believe that the decisions of the Tax Court have res judicata effect."

*See also Cecil County Commissioners v. Racine,* 24 Md. App. 435 (1975) where the doctrine of *res judicata* and its application to determinations of administrative agencies was comprehensively reviewed. There, as here, we were urged to apply the doctrine of *res judicata* not to a factual finding by

an administrative agency, but to a mistaken interpretation of the law. In refusing we held:

"... the principle of res judicata should not apply to an erroneous determination of law by an administrative body.

* * *

"We are guided to our conclusion by the language used in a very recent decision of the Court of Appeals of Maryland. *Criminal Injuries Compensation Board v. Joseph D. Gould,* 273 Md. 486, 331 A. 2d 55 (1975), where it was said at 521 [76]:

'Mistaken interpretation of law, however honestly arrived at, are held not to be within the exercise of sound administrative discretion and the legislative prerogative, but to be arbitrary and illegal.'

"Perpetuation of illegality by an administrative body by inflexible application of the principle of *res judicata* is impermissible." *Id.,* at 452.

*See* Davis, *Administrative Law,* § 18.03 at 566 (1958) where it is said:

"The desire for repose on which *res judicata* rests relates primarily to findings of fact; repose on lively problems of law may even be affirmatively objectionable. A tribunal ought not to be barred from using trial-and-error methods of feeling its way into an undeveloped frontier of law and policy. Even when the principle of *res judicata* should be rigidly applied to findings of fact, some relaxation of its application to rulings of law may be indicated. Many factors may argue against conclusive effect of an administrative decision of a question of law — the function may be somewhat non-judicial, law, and policy may be in a state of flux, substantive reasons may require that the agency's authority to protect

the public interest should remain unfettered, the administrative procedure may not have been geared to a careful consideration of the question of law, the agency may have been poorly staffed for deciding the question, or the legislative intent may have been that the agency's decisions of law should not be binding."

The general rule in other states is that the doctrine of *res judicata* applies to decisions of compensation boards and commissions no less than to the decisions of a court. A. Larson, 3 *The Law of Workmen's Compensation Acts,* Section 79.071 at 15-307-324 (1976). *See also Annotation, Res Judicata as Regards Decisions of Awards to Workmen's Compensation Commission Acts,* 122 A.L.R., 550 *et seq.* Whether the doctrine of *res judicata* applies to workmen's compensation decisions in this state has never been directly answered other than in a collateral proceeding.

In *Criminal Injuries Compensation Board v. Gould,* 273 Md. 486 (1975) after the Workmen's Compensation Commission had determined that Gould, a cab driver and victim of a robbery, was not entitled to compensation because he was an independent contractor, the Criminal Injuries Compensation Board, in denying his claim, re-determined his status and ruled that he was an employee rather than an independent contractor. The Court of Appeals held:

"Since the Commission had jurisdiction over Gould's status and did, upon the undisputed facts, determine as a matter of law that he was an 'independent contractor,' that decision was subject only to appellate review in the courts as provided by Art. 101, § 56; when no appeal was taken, the decision was final and not subject to being controverted in a collateral proceeding. See *Taylor v. Ramsay Co.,* 139 Md. 113, 124, 114 A. 830, 834 (1921). See also *Cogley v. Schnaper & Koren Constr. Co.,* 14 Md. App. 322, 327-28, 286 A. 2d 819, 822-23 (1972).

"Although the doctrine of res judicata has been held not to apply to decisions of administrative agencies, see *Gaywood Ass'n. v. M.T.A.*, 246 Md. 93, 99, 227 A. 2d 735, 738 (1967); *see also* L. Cohen, *Some Aspects of Maryland Administrative Law,* 24 Md. L. Rev. 1, 20-24 (1964), we here conclude that the decision by the Commission that Gould was an 'independent contractor' was conclusive and not subject to collateral attack by the Board upon its own initiative."

In any event, as we perceive it, the doctrine of *res judicata* even if applicable to decisions of the Workmen's Compensation Commission is necessarily limited in its effect by Maryland Code, Article 101, Section 40 (c) (1978 Cum. Supp.) which provides:

"(c) Modifications or changes. — The powers and jurisdiction of the Commission over each case shall be continuing, and it may, from time to time, make such modifications or changes with respect to former findings or orders with respect thereto as in its opinion may be justified; provided, however, that no modification or change of any award of compensation shall be made by the Commission unless application therefor shall be made to the Commission within five years next following the last payment of compensation." [2]

The power of Workmen's Compensation Commissions to re-open and modify awards is statutorily permitted in most states. Some statutes limit re-opening to change in conditions, others to mistake, fraud, error or newly discovered evidence. Maryland, which has one of the broadest re-opening statutes, not only gives the Commission continuing jurisdiction over each case, it also invests the Commission with blanket power to make such changes as in its opinion may be justified. *See, generally,* A. Larson, 3 *The Law of Workmen's Compensation,* Sections 81-30 to 81-53. *See also Annotation,*

---

2. The issue as to whether the Fund was an automatic party to the prior appeal was not argued and is not decided.

*Res Judicata As Regards Decisions of Awards to Workmen's Compensation Acts,* 122 A.L.R. 550-557. It is settled law in this State that the Commission has the power to re-open a case even for consideration of questions previously decided. *E.g., Stevenson v. Hill,* 170 Md. 676, 681-84 (1936); *Subsequent Injury Fund v. Compton,* 28 Md. App. 526, 533 (1975), *aff'd. Anchor Motor Freight, Inc. v. Subsequent Injury Fund,* 278 Md. 320, 328 (1976). *See also* M. J. Pressman, *Workmen's Compensation in Maryland,* 482-89 (2d ed. 1977).

Nothing in Section 40 (c) *supra,* limits, as urged by the Appellee, the re-opening of a case to instances where there is a change of facts or newly discovered evidence. Nor does the statute preclude the Commission from re-opening a case in which it has mistakenly interpreted the law. In *Bartlett Hayward Co. v. Industrial Accident Commission,* 265 P. 195 (1928), the claimant, who was blind in his left eye, lost the sight of his other eye in a work-related accident. In 1923, the California Industrial Accident Commission awarded him a 25% disability for the loss of sight in his right eye. No appeal from this decision was taken. In 1926, the California Supreme Court ruled in a case with identical facts that the Petitioner was entitled to a permanent total disability award. In 1927, the claimant requested the Commission to amend its findings and award him a rating of 100% disability. The Commission amended the award as requested. The employer-insurer appealed contending that the Commission did not have the power to increase the award.

The relevant statutory section on the power of the Commission to re-open provided:

> "The commission shall have continuing jurisdiction over all its orders, decisions and awards made and entered under the provisions . . . of this act and may at any time . . . rescind, alter or amend any such order, decision or award made by it upon good cause appearing therefor. . . ." *Id.* at 197.

The Supreme Court of California held that the continuing jurisdiction granted to the Commission by this section was:

> "Not limited to the consideration of changes in the

physical condition of the workman, but is extended to the right to rescind, alter or amend the orders, decisions, or awards upon good cause appearing therefor. What constitutes 'good cause' depends largely upon the circumstances of each case. The term is relative. It may be assumed that the determination of the commission as to what constitutes 'good cause,' while entitled to great weight, would not be conclusive. Certainly it may be said, so far as the facts in the present case are concerned, that the mistake or inadvertence of the commission in giving the injured workman, ... a rating of 25 per cent, permanent disability, when as a matter of law on the undisputed facts he was entitled to a rating of 100 per cent, permanent disability, would constitute 'good cause' for the exercise of continuing jurisdiction of the commission." *Id.* at 199.

*Accord, State Compensation Insurance Fund v. Industrial Accident Commission,* 166 P. 2d 310, 313-15 (1946).

In *Stearns Coal & Lumber Co. v. Vanover,* 91 S.W.2d 518 (1936), the statute permitted reopening for "a showing of change of conditions, mistake or fraud. . . ."The employer sought to reopen the case on the ground of a mistake of law. The claimant argued that the statute was limited to mistakes of fact. The Court of Appeals of Kentucky after noting with approval that *Bartlett Hayward Co., supra* had held that a mistake of law constituted good cause for the exercise of the Commission's continuing jurisdiction, stated:

"Clearly, if a mistake of law is 'good cause' for review of an order or decision of the board, it is not perceived why our statute authorizing a review on the ground of mistake should not include mistakes of law as well as fact. Indeed, the plain purpose of the statute is to enable the board to deal with the situation in such a way as to prevent an injustice being done. We therefore conclude that, unless the case has been passed on by the court on appeal, the

board may at any time within the period for which compensation is allowed change or revoke any order on the ground of mistake of law." *Id.* at 519.

*Cf. United Dredging Co. v. Industrial Accident Commission,* 284 P. 922 (1930). There it was held that the continuing jurisdiction of the Commission to alter its award for "good cause" does not apply if the Commission's decision on the legal issues involved in the case has been upheld by a court.

Regarding the contention of Appellee that the original award of the Commission was *res judicata* because the Fund failed to appeal, we think the case of *Freeland v. Couplin,* 211 Md. 160 (1956), is dispositive of that contention. There the claimant filed a claim for compensation because of the death of her husband while in the employ of Charles Freeland and Sons, Inc. The Commission dismissed her claim on the grounds that the deceased was an independent contractor. The claimant filed an appeal from this decision to the wrong court and by the time the error was discovered, it was too late for her to appeal to the proper court. Months later claimant's petition to the Commission to re-open the case was granted. After a hearing, the Commission reaffirmed its prior decision rejecting the claim. An appeal to the proper court was taken, where a jury rendered a verdict in favor of the claimant. The Court of Appeals in affirming held, that the Commission had the power to re-open the case by virtue of Article 101, Section 53 (now Section 40 (c)).

Finally, in the absence of an explicit ruling by Judge Turnbull on the legal issues involved in the case, we do not think his remand "for further proceedings in the light of the decision of the Court of Appeals of Maryland in *Gillespie v. R. & J. Construction Company,* . . ." foreclosed the Commission from exercising its continuing jurisdiction in re-opening the case and rescinding its prior award to Appellee.

*Judgment reversed.*
*Appellant to pay costs.*