736 A.2d 358

**Mildred WATERS**

v.

**PLEASANT MANOR NURSING HOME, et al.**

No. 265, Sept. Term, 1998.

Court of Special Appeals of Maryland.

Sept. 1, 1999.

Art Buist, Baltimore, for appellant.

James A. Haynes (Wayne L. Lutche, on the brief), Towson, for appellees.

Argued before KENNEY, BYRNES, and ROBERT F. FISCHER (Retired, specially assigned), JJ.

ROBERT F. FISCHER, Judge (Retired, Specially Assigned).

Appellant, Mildred Waters, appeals from an adverse decision in her workmen's compensation case by the Circuit Court for Baltimore City in favor of Pleasant Manor Nursing Home and Injured Workers Insurance Fund, appellees.

In her appeal to this Court, appellant presents one issue:

Is the amount of claimant's permanent total disability compensation established by the law in effect when claimant became permanently totally disabled?

Appellees have raised three issues as follows:

1. Did the Circuit Court for Baltimore City have jurisdiction to hear an appeal of the Workers' Compensation Commission Order of October 7, 1996?

2. Was the Circuit Court for Baltimore City, if it had jurisdiction, correct in affirming the Workers' Compensation Commission order of October 7, 1996?

3. Is Waters' claim for additional compensation benefits now barred by the five year statute of limitations and therefore moot?

In 1973, Mildred Waters was an employee of the Pleasant Manor Nursing Home when on May 6 of that year she was injured while attempting to put a patient onto a bed. After a hearing before the Workers' Compensation Commission she began receiving temporary total disability payments. Following a brief return to work, another hearing was held and appellant was deemed to have sustained permanent partial disability under "other causes" amounting to a 10% loss of industrial use of the body, by an order dated January 23, 1974. A further hearing was held on August 20, 1976, and she was awarded temporary total disability from July 8, 1975 to January 3, 1976, and from May 25, 1976 to the end of her temporary total disability. Her temporary total payments were terminated as of January 17, 1977, by an order dated July 14, 1977, which left the issue of permanent disability subject to further consideration.

On April 15, 1980, a hearing was held to determine the extent of appellant's permanent disability. On May 14, 1980, an order was passed which granted her a permanent partial disability of 15%. In 1983, the Commission decided that appellant had not reached maximum medical improvement. In 1987, another hearing resulted and a determination was made that she had sustained a 50% industrial loss of the use of her body. Finally, in 1991, after another hearing on worsening of condition, she was found to be "now permanently totally disabled." An order dated June 13, 1991, ordered payment of $45,000 in permanent total disability payments.

In 1993, the Commission suspended permanent total payments by its order dated October 8, 1993. The suspension was brought about because appellant had by that time exhausted the total of $45,000 in benefits.

Appellant filed issues with the Commission on April 14, 1996, for "resumption of payments for permanent total disability that was ordered by order of June 13, 1991, and suspended by order of October 8, 1993." Appellant's petition was denied by the Commission on October 7, 1996, and an appeal to the circuit court resulted in an affirmance of the Commission's order on December 4, 1997. The present appeal to this Court followed.

We will discuss appellees' issues first. In view of the fact that appellant's single issue and appellees' issue 2 are essentially identical, we will first consider appellees' issues 1 and 3.

## I.

Did the Circuit Court for Baltimore City have jurisdiction to hear an appeal from the Workers' Compensation Commission order of October 7, 1996?

Appellees posit that the circuit court lacked jurisdiction to hear the Commission order of October 7, 1996 "because that order was in substance, regardless of appearance, a denial of reconsideration under" Maryland Code (1974, 1991 Repl.Vol.), § 9–736(b) of the Labor and Employment Article. Appellees argue that the issue appellant filed April 24, 1996, was neither a rehearing request nor a reopening and was, therefore, a request for reconsideration. They further point out that appellant's only issue before this Court is exactly the legal argument her former attorney made before the Workers' Compensation Commission at a hearing in Baltimore on September 27, 1993, and she is simply requesting that the Commission reconsider its prior decision.

In reply, appellant points to L.E. § 9–736(b), which allows the Commission power to modify a claim provided the modification is applied for within five years of the last payment of compensation, and argues that it is applicable to her case. The pertinent sections read as follows:

(b)(1) The Commission has continuing powers and jurisdiction over each claim under this title.

(2) Subject to paragraph (3) of this subsection, the Commission may modify any finding or order as the Commission considers justified.

(3) Except as provided in subsection (c) of this section, the Commission may not modify an award unless the modification is applied for within 5 years after the last compensation payment.

■ Appellant takes issue with appellees' restrictive interpretation of § 9–736(b) and cites *Subsequent Injury Fund v. Baker,* 40 Md.App. 339, 345–46, 392 A.2d 94 (1978). In *Baker,* this Court examined Article 101, § 40, the precursor to § 9–736, and held:

Maryland, which has one of the broadest re-opening statutes not only gives the Commission continuing jurisdiction over each case, it also invests the Commission with blanket power to make such changes as in its opinion may be justified.

*Id.* at 345, 392 A.2d 94. And, of particular relevance to the case at issue, "[n]or does the statute preclude the Commission from re-opening a case in which it has mistakenly interpreted the law." *Id.* at 346, 392 A.2d 94.

It appears then that appellant acted appropriately in asking that her claim be re-opened.

■ The second prong of appellees' jurisdiction attack is the assertion that appellant's appeal should have been dismissed because she lacks standing to appeal from a favorable decision. The gravaman of appellees' contention is that the Commission's order of June 13, 1991, determined that appellant was permanently totally disabled as of March 28, 1985. Appellees reason that since this determination is the most favorable finding the Commission can make with respect to permanent disability, an appeal by the prevailing party will not lie. *Citing Paolino v. McCormick & Co.,* 314 Md. 575, 584, 552 A.2d 868 (1989). Appellees, however, somehow overlook the fact that by way of this appeal appellant seeks a ruling that would continue her disability payments indefinitely, while the ruling appealed from limited such payments to a

maximum of $45,000. It seems apparent that appellant is not appealing from a favorable decision.

## II.

Appellees' third issue is that appellant's appeal is barred by the five year statute of limitations in the Workers' Compensation Act. Appellees' reasoning is that the last payment of compensation was July 9, 1991, and, for reasons already assigned, her request for reconsideration was not appealable, it necessarily follows that appellant's claim is now barred by the five year period of limitations.

Since we have determined that appellees' initial premise is in error and appellant's appeal is proper, it follows that her petition to re-open, brought within five years of the last payment of compensation, is timely and not barred by limitations.

## III.

This leaves us with the salient issue in this case, *i.e.*, is the amount of claimant's permanent total disability compensation established by the law in effect when claimant was injured or when claimant became permanently totally disabled?

The law in effect at the time of appellant's injury provided that the compensation paid for a permanent total disability should not exceed a total of $45,000.00. Article 101, § 36(1)(a). This statute was amended, effective July 1, 1973, and provided that "if the employee's total disability shall continue after a total of $45,000.00 has been paid, then further weekly payments at the rate previously paid shall be paid to him during such disability." 1973 Md. Laws Ch. 671.[1]

Appellant begins by reminding us that "[t]he Workmen's Compensation Act should be construed as liberally in favor of injured employees as its provisions will permit in order to

---

1. This section has since been recodified as § 9–637(b) of the Labor & Employment Article.

effectuate its benevolent purposes. Any uncertainty in the law should be resolved in favor of the claimant." *Keene v. Insley,* 26 Md.App. 1, 11–12, 337 A.2d 168 (1975) (citations omitted).

Appellees contend it is clear that the date of the injury controls, *citing Baltimore County v. Fleming,* 113 Md.App. 254, 258, 686 A.2d 1161 (1996)(footnote omitted):

> By enacting § 9–601, the General Assembly has fixed the compensation rate as of the time of the accidental injury or occupational disease, and it is the statute in effect at the time of injury or disease that governs. Although in this case the Claimant's worsening of condition occurred after the 1991 recodification, and his right to additional benefits accrued after the recodification, the effect of § 9–601 is essentially to freeze the entitlement to benefits as of the date of injury.

Appellees point out that benefit levels are not retroactive and the benefit level in effect at the time of injury controls. *Citing* 2 A. Larson, WORKMEN'S COMPENSATION LAW § 60.50 (1981 rev. ed.) cited by the Court of Appeals in *Shifflett v. Powhattan Mining Co.,* 293 Md. 198, 200, 442 A.2d 980 (1982). In addition, appellees contend that where benefit levels are involved, the law will be applied prospectively rather than retroactively. In support, appellees quote *Zebron v. American Oil Co.,* 10 Md.App. 308, 310, 270 A.2d 339 (1970) (citations omitted).

> Statutes are to be given prospective application unless the intent of the Legislature is clearly to the contrary. Conversely stated, statutes are not to be given a retrospective effect unless their words require it, *viz.,* "unless [the] words are so clear, strong and imperative, that no other meaning can be annexed to them, or unless the intention of the Legislature could not be otherwise satisfied."

Appellant agrees that for many purposes the law in effect at the time of the on-the-job injury controls, such as fixing the average weekly wage, but she insists that date of injury does not fix all rights of the claimant.

Appellant avers that the date of occurrence of the disability governs the amount to which she is entitled. Appellant directs us to *Shifflett, supra,* wherein the issue as to amount of compensation was whether the date of last injurious exposure or the date of the employee's becoming incapacitated governed. The Court of Appeals held that the pertinent date was not that of the last injurious exposure, but rather, on the date the claimant becomes permanently disabled. The *Shifflett* case is, of course, not determinative since it involved an occupational disease and not an injury as in the instant case.

Appellant also refers us to *Cline v. Mayor & City Council of Baltimore,* 13 Md.App. 337, 283 A.2d 188 (1971), *aff'd,* 266 Md. 42, 291 A.2d 464 (1972). In *Cline,* the claimant sustained an accidental compensable injury on April 3, 1967, and as a result died on June 2, 1967. The law in effect at the time of the accident provided for a payment upon death of not more than $15,000. By an Act which took effect on June 1, 1967, however, the law was amended, increasing the amount to $27,500. The Commission and the trial court held that the surviving dependent of the deceased workman was limited in her recovery to the amount in force at the time of the injury on April 3, 1967, *i.e.,* $15,000. The Court of Appeals adopted this Court's decision, in which we pointed out that under the Workmen's Compensation Law of Maryland there are two distinct types of claims which may arise in favor of dependents. These are claims of dependents where the employee dies from causes not related to his compensable injury and claims of dependents in cases where death was the result of the compensable injury and occurred within five years of the injury. The Court indicated that in the first type of case it is not the death which is compensable but rather the injury. Thus, the right to payment is governed by the statute in effect at the time of injury. In the second type of case, the survivor's right to death benefits arises out of the death itself. Therefore, it is the death that is the compensable event and the surviving dependant's right became fixed as of the date of her husband's death.

Appellant's position is that the proper law to apply is that in effect when the right to a particular form of compensation vests. *Shifflett, supra,* holds that, in the case of occupational disease, it is not the date of the last injurious exposure but rather the date when the claimant becomes permanently totally disabled. In *Cline, supra,* the Court of Appeals held that, in the context of certain death benefits, the law to be applied is the law in effect on the date when the right to recover vests.

In *Mutual Chem. Co. of Am. v. Pinckney,* 205 Md. 107, 113, 106 A.2d 488 (1954), the Court of Appeals succinctly stated: "The claimant's rights are governed by the statute at the time of the injury and not as of the time of filing the claim." Appellant cannot escape application of this principle. In *Gorman v. Atlantic Gulf & Pac. Co.,* 178 Md. 71, 12 A.2d 525 (1940), the claimant was injured and awarded temporary total disability, which later became a permanent partial disability. The question before the Court of Appeals was whether the compensation for the permanent partial disability should be in addition to the compensation allowed for the temporary disability, *i.e.,* whether the claimant should receive a separate award for each disability. Before reaching that question, however, the Court had to determine what law applied to the case as the total amount payable under a permanent disability had been increased since the date of the claimant's injury. The Court stated, "It is conceded that the amendment [increasing the maximum award] does not apply to the present case." *Id.* at 74, 12 A.2d 525. The Court then applied the limit on compensation in effect at the time of the claimant's injury.

██ This principle was more recently followed by this Court in *Stonesifer v. Spring Grove State Hosp.,* 34 Md.App. 519, 368 A.2d 492 (1977). In that case, two claimants were awarded permanent partial disability, but their payments were terminated several years later as they were also receiving retirement benefits in excess of the compensation benefits. Under a statute enacted after the claimants had sustained

their injuries, the employer was entitled to a setoff based upon the amount of a claimant's pensions benefits. Relying on *Mutual Chem. Co. of Am.*, we held that the statute in effect at the time of injury applied to the claimants' cases and gave no retroactive effect to the statute enacted subsequent to the date of injury. 34 Md.App. at 522–24, 368 A.2d 492. *See also Bowen v. Smith*, 342 Md. 449, 453 n. 2, 677 A.2d 81 (1996) (question of whether employer may suspend claimant's temporary total benefits in light of claimant's incarceration was examined under statute in effect at time of injury); *Fikar v. Montgomery County*, 333 Md. 430, 432 n. 1, 635 A.2d 977 (1994) (claimant received temporary total disability benefits and then obtained a service-connected disability retirement; law in effect at time of injury applied where county sought a setoff based on payment of retirement benefits); *Furley v. Warren–Ehret Co.*, 195 Md. 339, 347–48, 73 A.2d 497 (1950) (personal representative not entitled to unpaid balance awarded to claimant for permanent total disability where claimant died from causes unrelated to injury and, under statute in effect at time of injury, right to payment did not survive the claimant; Court rejected contention that a change in the law with an effective date after the date of the injury should be applied to the case). As the foregoing cases demonstrate, the statute in effect on the date of appellant's injury is determinative of the benefits to which she is entitled. The circuit court committed no error in upholding the Commission's decision.

**JUDGMENT AFFIRMED.**

**COSTS TO BE PAID BY APPELLANT.**