*Montgomery County, Maryland v. Peter Gang*, No. 768, September Term, 2017.
Opinion by Shaw Geter, J.

**WORKERS' COMPENSATION ACT – WORKERS' COMPENSATION
COMMISSION – READJUSTMENT – LIMITATION ON RETROACTIVE
ADJUSTMENT OF RATE OF COMPENSATION**

The Workers' Compensation Commission's broad revisory power under Maryland Code,
Labor & Employment Article ("LE"), § 9-736(b) does not permit the Commission to
retroactively readjust the rate of compensation of an award already paid. The revisory
power is limited by statute to future awards where a statutory circumstance required
under LE 9-736(a) exists, such as aggravation, diminution or termination of disability.

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 768

September Term, 2017

_____

MONTGOMERY COUNTY, MARYLAND

v.

PETER GANG

_____

\*Eyler, Deborah S.,
Shaw Geter,
Raker, Irma, S.
(Senior Judge, Specially Assigned),

JJ.

_____

Opinion by Shaw Geter, J.

_____

Filed:  November 8, 2018

\*Eyler, Deborah S., J., participated in the hearing and conference of this case while an active member of this Court; she participated in the adoption of this opinion as a retired, specially assigned member of this Court.

Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document " authentic.



Suzanne C. Johnson, Acting Clerk

In 2012, the Maryland Workers' Compensation Commission awarded Peter Gang compensation for an injury he sustained while employed with Montgomery County. The rate of pay, however, was incorrectly calculated, as it failed to recognize Mr. Gang's status as a "public safety officer," which entitled him to higher compensation. Four years later he filed a "Request for Document Correction," whereupon the Commission issued an amended award that retroactively increased his rate of pay. On judicial review, the Circuit Court for Montgomery County affirmed the Commission's decision. Montgomery County timely appealed and presents us with the following question, which we have rephrased[1]:

> Did the Commission err in retroactively modifying appellee's award of workers' compensation?

For the reasons stated below, we shall reverse the judgment of the circuit court.

## BACKGROUND

Appellee Peter Gang was a correctional officer employed by Montgomery County, appellant. On September 17, 2011, Gang was accidentally injured at a facility and thereafter filed a workers' compensation claim. Following a hearing on April 26, 2012, the Workers' Compensation Commission issued a decision on May 2, 2012, which found Gang suffered a permanent partial disability and awarded him compensation at the rate of $157 a week, for 70 weeks.

---

[1] Appellant originally presented the following question: Did the Commission and the trial court err in finding the Commission could modify an award even though the period for timely appeal or rehearing had expired and there was no allegation of a change in circumstance of the injury?

The order, however, failed to recognize his status as a "public safety officer," under § 9-628 of the Labor and Employment Article, which entitled him to a higher rate of pay. Both parties agree the May 2, 2012 Order was error and that Gang initially received compensation at the incorrect rate.[2] Neither party filed a motion for rehearing[3] or appeal to the circuit court.[4]

Almost four years later, on March 22, 2016, a "Request for Document Correction" was filed by Gang's counsel regarding the 2012 case.[5] The request alleged that Gang was paid at an incorrect rate. The Commission, on March 25, 2016, issued an amended award, retroactively modifying his compensation to $314 a week. Appellant objected to the Commission's actions because it had not been notified and filed a "Request for Rehearing" on April 6, 2016. Appellee then filed a request, on April 13, asking that the Commission "withdraw the Document Correction filed on 3/22/16, strike the Order issued on 3/25/16

---

[2] Appellee concedes that, since then, the County has paid him the full amount of compensation he was entitled to.

[3] "Within 15 days after the date of a decision by the Commission, a party may file with the Commission a written motion for a rehearing." Md. Code Ann., Lab. & Empl. § 9-726(a) (West 2018).

[4] An employee "aggrieved by a decision of the Commission…may appeal from the decision of the Commission provided the appeal is filed within 30 days…by filing a petition for judicial review[.]" Md. Code Ann., Lab. & Empl. § 9-737 (West 2018).

[5] Counsel for appellee first filed a Request for Document Correction with the incorrect rate of pay for a public safety officer at the time of Gang's injury. Six minutes later, counsel filed a second Request for Document Correction with the correct figure.

and set this case in for hearing on the issue of the correct weekly permanent partial disability rate in the 5/2/12 Order."

The Commission denied the County's "Request for Rehearing." The County then filed a second "Request for Rehearing" on April 21, 2016, and argued that in light of appellee's withdrawal of his initial Document Correction, the Commission should "rescind the order dated 3/25/16 that implemented that document correction and the denial of the rehearing request dated April 19, 2016."

Following a hearing on June 27, 2016, the Commission issued an order that affirmed the March 25, 2016 Order, finding it was a proper use of the Commission's "continuing jurisdiction" under Labor and Employment Section 9-736(b) of the Maryland Code.

Appellant filed a petition for an on the record judicial review in the Circuit Court for Montgomery County, on July 26, 2016,[6] and appellee filed a cross-appeal for a *de novo* review on August 9. Appellee also filed a Motion to Dismiss the Petition for Judicial Review on October 18, 2016, which was opposed by appellant and denied by the court at a hearing on December 13, 2016. An on the record review of the Commission's findings was held on April 19, 2017, where counsel presented argument. The circuit court affirmed the decision of the Commission, memorialized in an order entered May 25, 2017. Appellant then brought this timely appeal.

---

[6] The initial petition did not state whether it was an on the record or *de novo* appeal. However, appellant filed an amended petition on October 31, 2016 confirming it was a petition for an on the record review.

3

**STANDARD OF REVIEW**

With an "appeal on the record of the Commission…no new evidence is taken nor is any fresh fact-finding engaged in. The determination of whether the decision of the Commission was free from error will entail only an examination of the record of the proceedings before the Commission." *Simmons v. Comfort Suites Hotel,* 185 Md. App. 203, 224–25 (2009) (internal citation and quotation omitted). The reviewing court is "limited to determining if there is substantial evidence in the record as a whole to support the agency's findings and conclusions, and to determine if the administrative decision is premised upon an erroneous conclusion of law." *W.M. Schlosser Co. v. Uninsured Employers' Fund,* 414 Md. 195, 204 (2010) (internal citation and quotation omitted). We examine the agency's decision "in the light most favorable to it" and "the agency's decision is prima facie correct and presumed valid." *Id.* at 205 (internal citation and quotation omitted). While an administrative agency's interpretation of a statute should "ordinarily be given considerable weight by reviewing courts," *id.*, "[m]istaken interpretation of law, however honestly arrived at, are held not to be within the exercise of sound administrative discretion." *Subsequent Injury Fund v. Baker,* 40 Md. App. 339, 343 (1978) (internal citation and quotation omitted).

**ANALYSIS**

When interpreting the language of a statute, the primary goal is to "ascertain and effectuate the intent of the Legislature." *Walzer v. Osborne,* 395 Md. 563, 571 (2006) (internal citation and quotation omitted). We first look to the statute's plain language,

"giving it its natural and ordinary meaning" and "[w]e neither add nor delete words to a clear and unambiguous statute to give it a meaning not reflected by the words." *Id.* at 571–72 (internal citation and quotation omitted). If the statutory provisions are "clear and unambiguous and express a plain meaning, we will give effect to the statute as it is written." *Md. Div. of Labor and Indus. v. Triangle Gen. Contractors, Inc.,* 366 Md. 407, 420 (2001) (internal citation and quotations omitted). In such circumstances, "no construction or clarification is needed or permitted, it being the rule that a plainly worded statute must be construed without forced or subtle interpretations designed to extend or limit the scope of its operation." *Id.* at 420–21 (citing *Giant Food, Inc. v. Dept. of Labor*, 356 Md. 180, 189 (1999) (internal quotations omitted)).

Section 9-736 of the Labor and Employment Article addresses the Workers' Compensation Commission's revisory power and states:

**(a). – Readjustment of rate of compensation**

If aggravation, diminution, or termination of disability takes place or is discovered after the rate of compensation is set or compensation is terminated, the Commission, on the application of any party in interest or on its own motion, may:

(1) readjust for future application the rate of compensation; or

(2) if appropriate, terminate the payments.

**(b). – Continuing powers and jurisdiction; modification**

(1) The Commission has continuing powers and jurisdiction over each claim under this title.

(2) Subject to paragraph (3) of this subsection, the Commission may modify any finding or order as the Commission considers justified.

5

(3) Except as provided in subsection (c) of this section, the Commission may not modify an award unless the modification is applied for within 5 years after the latter of:

  (i) the date of the accident;

  (ii) the date of disablement; or

  (iii) the last compensation payment.

Appellant argues the Commission's retroactive award was in violation of its authority, relying on the language of the statute and the Court of Appeal's decision in *Sealy Furniture of Maryland v. Miller*, 356 Md. 462 (1999). Appellee, on the other hand, argues the modification was properly within the Commission's broad revisory power and, in support of his position, cites *Subsequent Injury Fund v. Baker,* 40 Md. App. 339 (1978) and *Waters v. Pleasant Manor Nursing Home,* 127 Md. App. 587 (1999). He claims the Commission "did not change a past rate of compensation," but rather "merely corrected a clerical mistake in the original Order."

In *Sealy Furniture of Maryland v. Miller*, the Court of Appeals addressed the limits of the Commission's revisory power. There, the Commission ordered Employer to pay permanent partial disability benefits and granted Employer's request for a credit reimbursing them for six months of mistaken payments to Employee, "the effect of which was to excuse any further payments."[7] *Sealy Furniture of Maryland*, 356 Md. at 465.

---

[7] The total amount of the credits granted outweighed the total amount of disability benefits that the jury awarded Miller.

6

On review, the Court of Appeals concluded the Commission did not have the authority to credit the overpayment against a new award. *Id.* at 467–68. "[A]lthough the revisory power of the Commission under § 9-736 is broad, it is not unlimited." *Id.* at 468. Further, "(the) Commission may not disregard other legislative directives, *Jung v. Southland Corp.,* 351 Md. 165 [] (1998), or, indeed, the construction of the workers' compensation law by this Court." *Id.* The Court then stated that "if [overpayments are] to be corrected by allowing a recovery, either directly or in the form of a credit against another award, *the Legislature will have to provide that correction.*"[8] *Id.* at 470 (emphasis added).

In *Subsequent Injury Fund v. Baker*, employee Baker was injured in the course of his employment and, while in the hospital, discovered he had a form of bone cancer that predated the injury. *Baker,* 40 Md. App. at 340. As a result of the pre-existing condition, the Subsequent Injury Fund (SIF)[9] was impleaded. At a hearing, the Commission found

---

[8] In 2000, the Maryland General Assembly passed a statute authorizing the Commission to order an offset or credit against an award for permanent partial disability for any vocational rehabilitation or temporary total disability benefits previously paid to a covered employee. 2000 Md. Laws 230.

[9] SIF is a state agency created to provide additional compensation to Workers' Compensation claimants that suffer from pre-existing injuries or disabilities that predate their work-related injuries, as well as ease the burden of employers. "[I]f an employee, already having a permanent impairment, suffers a subsequent occupational injury that results in a permanent disability that is substantially greater, due to the combined effect of the previous impairment and the subsequent injury, than it would have been from the subsequent injury alone, the employer is liable only for the compensation payable for the subsequent injury." *Schaffer v. Subsequent Injury Fund,* 207 Md. App. 255, 256–57 (2012) (quoting *Carey v. Chessie Computer Servs., Inc.,* 369 Md. 741, 743–44 (2002)). "[T]he employer pays for the second injury and the Fund pays for 'the balance of the total award.'" *Id.* (quoting *Subsequent Injury Fund v. Teneyck,* 317 Md. 626, 636 (1989).

7

Baker was "permanently and totally disabled" and awarded him $45,000 in benefits, with the employer ordered to pay $6,667 and SIF ordered to pay the remainder. SIF did not appeal the decision, although Baker's employer-insurer did. *Id.*

On appeal, the circuit court, in light of a case decided after the Commission's initial decision,[10] remanded. SIF filed additional issues and requested the Commission modify its prior award against SIF based on *Subsequent Injury Fund v. Thomas*, 275 Md. 628 (1975).[11] The Commission found *Thomas* applicable and, as such, reversed its judgment against SIF.

Baker petitioned for judicial review in the circuit court and the court reinstated the judgment against SIF, reasoning that "the Fund did not appeal the original order…that order was res judicata and the Commission exceeded its authority on remand by reopening the case." *Baker*, 40 Md. App. at 341. This Court disagreed, holding it was within the Commission's broad reopening powers to reconsider its award against SIF in light of *Thomas*, a recent development in the case law, and that the Commission may "within the period for which compensation is allowed change or revoke any order on the ground of mistake of law." *Id.* at 347–48 (internal citation and quotation omitted).

---

[10] *Gillespie v. R & J Construction Co.*, 275 Md. 454 (1975) held that the Commission cannot award a greater award for the loss of an eye than the highest medical rating found by the Commission. In Baker's case, the highest medical rating was 20% loss of use of the arm, whereas the Commission awarded Baker 40% loss of use of the hand.

[11] "In essence," *Thomas* held "that the Fund is not liable for a disability caused by the deterioration of a pre-existing impairment which arises after a subsequent compensable injury and is neither aggravated nor accelerated by the subsequent compensable injury." *Baker*, 40 Md. App. at 341 (*citing Thomas*, 275 Md. at 634–35).

Similarly, the *Waters* Court affirmed the Commission's use of continuing jurisdiction under L.E. § 9-736 to consider a mistake of law. 127 Md. App. 587 (1999). There, a law was enacted eliminating a $45,000 cap on compensation for permanent total disability. *Id.* at 592. The petitioner was injured before the enactment, but found permanently and totally disabled after the law passed. *Id.* The "salient issue," thus, was whether "the amount of [a] claimant's permanent total disability compensation [is] established by the law in effect when claimant was injured or when claimant became permanently totally disabled." *Id.* We held that the Commission properly exercised jurisdiction under 9-736(b) in deciding such a question of law. *Id.* at 590–92.

In the case at bar, the Commission did not re-evaluate or modify an award based on a legal mistake in light of case law, as in *Baker*, nor order an indefinite resumption of payments based on a statutory revision, as in *Waters*. Furthermore both cases involved *future* awards of compensation, not retroactive ones. As such, their holdings are not applicable.

To be sure, the Worker's Compensation Act is a "comprehensive scheme for compensation to employees of applicable employers for accidental job related injuries." *Continental Cas. Co. v. Mirabile,* 52 Md. App. 387, 395 (1982). Section 9-736 is part of that larger statutory scheme. In interpreting comprehensive statutory schemes, "the legislative intention is not determined from (a) statute alone, rather it is to be discerned by considering it in light of the statutory scheme." *Jung v. Southland Corp.,* 351 Md. 165, 177 (1998) (internal citation and quotation omitted). "Nor should (a) statute be read so as

9

to render another statute in that statutory scheme, or any portion of it, meaningless, surplusage, superfluous, or nugatory." *Id.*

It is undisputed that the Commission readjusted the rate of compensation of appellant's award, where no statutory circumstances, such as aggravation or diminution, were averred or discovered and ordered additional compensation for a past award. No language in § 9-736 expressly authorizes such a change or readjustment of an award already paid. Nevertheless, appellee contends the Commission's actions under § 9-736(b) are not restricted by § 9-736(a). We disagree, as such an interpretation would render § 9-736(a), which limits rate adjustments to future application only and requires a change of condition, meaningless. As stated by the Court in *Sealy*, the Commission's revisory power is "not unlimited." In light of longstanding principles of statutory interpretation and the lack of plain language, we decline to infer a legislative intent not specified in the statute and, thus, hold the Commission erred.

We disagree with appellee's characterization of the Commission's actions as merely "correcting a clerical error." The record does not substantiate this assertion and further, the Commission's action in 2012 constituted a final award. No action was taken by appellee to appeal or have the Commission reconsider its decision. Thus, under the circumstances of this case, four years after the final award, the Commission's authority was limited to readjustment of a future rate of compensation upon a worsening or diminution of condition.

Appellant argues that appellee's filing of a "Request for Document Correction" was improper because that form "can only be used when the parties agree that a Commission

10

form needs to be corrected" and the County was not notified about the filing in the present case. Thus, they did not consent. Appellee admits he failed to adhere to COMAR 14.09.03.13(a), which states "[a] party seeking modification of a prior finding or order shall file the form captioned Motion for Modification and simultaneously file an Issues form identifying the issue to be resolved." He concedes that he did not file a "Motion for Modification" form and the County did not give its consent. He argues that "[w]hen justice so requires, the Commission may waive strict compliance with these regulations." COMAR 14.09.01.06. The record in this case, however, is devoid of any indication that the Commission waived strict compliance. We hold that even if it did waive strict compliance, the Commission did not have the statutory authority to modify or readjust the award retroactively.

Finally, appellant argues the Commission's ruling was erroneous because "it extended the statute of limitations for another five years." Appellee avers the Commission "did not circumvent the statute of limitations" because he filed for a modification within five years of his last payment. We agree with appellant. The Commission's actions impermissibly extended the five-year time limit, and thus, exceeded its statutory authority. *See Seal v. Giant Food, Inc.*, 116 Md. App. 87, 96 (1997).

> **JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY REVERSED AND REMANDED TO THAT COURT. THE CIRCUIT COURT IS DIRECTED TO ENTER AN ORDER REMANDING TO THE WORKERS' COMPENSATION COMMISSION TO STRIKE ITS 3/25/16 AWARD. COSTS TO BE PAID BY APPELLEE.**

11