## SAF-T-CAB SERVICE, INC., ET AL *v.* JOSEPH E. TERRY

[No. 36, April Term, 1934.]

*Decided May 17th, 1934*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Daniel E. Klein and Paul M. Higinbothom,* for the appellants.

*Boyd B. Graham* and *Raymond A. Egner,* with whom were *Marbury, Gosnell & Williams* on the brief, for the appellee.

URNER, J., delivered the opinion of the Court.

The appellee was injured in a collision which occurred while he was engaged in the performance of his duties as a taxicab driver in Baltimore. Two corporations are interested in the cab service in connection with which the appellee was employed. The Motor Cab Company, Inc., was the owner of the cabs used in the business, and the Saf-T-Cab Service, Inc., was concerned with their operation. The same office accommodated both corporations and they were subject to the same executive management. Workmen's compensation insurance was carried by the Saf-T-Cab Service, Inc., while the Motor Cab Company, as the owner of the cabs, insured itself against the public liability incident to such ownership. At the time of the hearings before the State Industrial Accident Commission on the appellee's claim, the Saf-T-Cab Service, Inc., was in bankruptcy, and the Motor Cab Company was in receivership. It was decided by the commission that the appellee was employed exclusively by the Motor Cab Company. From that decision he appealed to the Superior Court of Baltimore City, where the case was submitted to a jury upon the issue as to whether the claimant was an employee of the Saf-T-Cab Service, Inc., at the time of the accident in which he was injured. The verdict of the jury on that issue was in the affirmative. From the consequent reversal of the State Industrial Accident Commission's order, the Globe Indemnity Company, insurer of the Saf-T-Cab Service, Inc., has appealed for itself and the insured, in order to have this court review the refusal of the trial court to dismiss the appeal from the commission and to direct a verdict in accord with its decision.

The ground of the motion to dismiss the appeal to the

court below was that the order of the commission disallowing the claim as against the Saf-T-Cab Service, Inc., was passed more than thirty days before the appeal was entered. Code, art. 101, sec. 56, as amended by Acts 1927, ch. 587. The date of the commission's original order to that effect was July 8th, 1932, but that order was revoked by one subsequently passed upon the claimant's petition, filed August 5th, 1932, that the case be reopened. It was alleged in the petition that the Saf-T-Cab Service, Inc., was jointly liable, as the claimant's employer, with the Motor Cab Company and with Stanley A. Bryan, who was the managing executive of both corporations. The order granting the petition stated that, upon further consideration of the testimony, the commission had concluded to rescind and annul its order of July 8th, 1932, and place the case upon the docket, to the end that other parties might be included as the claimant proposed. It was accordingly ordered that the commission's previous order in the case be "rescinded and annulled and the case held pending a hearing." Subsequently the case was heard by the commission upon the issue as to the joint or separate employment of the claimant by the designated corporate and individual defendants. The final decision, that he was employed separately and solely by the Motor Cab Company, was rendered on November 9th, 1932, and the appeal to the lower court was taken within the statutory appeal period of thirty days after that date.

In our opinion there was no error in the refusal to dismiss the appeal. The contention that the time for the appeal should be computed with reference to the order of July 9th, 1932, is not sustainable, because that order was later rescinded and annulled. That action was within the statutory power of the State Industrial Accident Commission. Code, art. 101, sec. 54; *Gratz v. Bethlehem Steel Co.*, 162 Md. 33, 158 A. 30. The principal purpose of the rescission was to enable the claimant to present, and the commission to decide, the new issue of joint employment, which could not be determined without the introduction of new parties. An appeal before the decision of that

issue, with no previous appealable order in force, would have been premature and subject to dismissal.

According to the view of the lower court: "It was competent for the jury to find that the Motor Cab Company was controlled in its operation by the Saf-T-Cab Service, Inc., on January 9th, 1932, the date of claimant's accidental injury. In that event, both corporations may be regarded as claimant's employers on that date, or one may be regarded as principal and the other as agent, and both may be responsible for compensation to him under the Workmen's Compensation Act." That appears to be a justifiable conclusion in view of the evidence as to the intimate relationship of the two corporations and of the joint interest in the undertaking which the claimant's employment served to promote. The record attributes no corporate purpose to either corporation except the prosecution of the taxicab enterprise in which the claimant was employed by the executive to whom the management of both corporations was committed. It was testified by that official, and by the claimant, that the employment under consideration was on behalf of the Saf-T-Cab Service, Inc., while there were entries on the records of the Motor Cab Company indicating that it was the claimant's employer. Both corporations were functioning at the time of the claimant's employment and injury, and were depositing in the same bank account the proceeds of the transportation business to which his service contributed. Under the circumstances proved in the case, we think the trial court was right in declining to rule as a matter of law that the Saf-T-Cab Service, Inc., was not an employer of the claimant at the time of the injury for which he desires compensation.

*Judgment affirmed, with costs.*