AGNES STEVENSON *v.* ROBERT C. HILL ET AL., RECEIVERS

[No. 52, April Term, 1936.]

*Decided June 10th, 1936.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Fuller Barnard, Jr.,* and *Clarence Lippel,* for the appellant.

*William A. Gunter,* for the appellee.

URNER, J., delivered the opinion of the Court.

As the widow and a dependent of David Stevenson the appellant filed a claim, on September 2nd, 1933, under

the Workmen's Compensation Law (Code, art. 101, sec. 1 *et seq.*, as amended), on account of her husband's death, on August 11th, 1933, from an accidental injury suffered the preceding day in the course of his employment, as a coal inspector and car runner, by the Consolidation Coal Company. On September 16th, 1933, the State Industrial Accident Commission passed an order sustaining the claim, ascertaining that the average weekly wage of the deceased employee was $9.26, and directing the receivers of the coal company, employer and self-insurer, to pay to the claimant, for the use of herself and of her infant daughter, the sum of $8 per week for the period of 416 weeks, from August 11th, 1933, and the additional sum of $125 for the expenses of the decedent's funeral. The allowance was in accordance with the statutory provision that such compensation should be at the rate of two-thirds of the employee's average weekly wage but not less than $8 per week, if the wage equaled or exceeded that amount. Code, art. 101, sec. 36, as amended by Acts 1931, ch. 363. On August 9th, 1934, the claimant applied to the commission for a rehearing of her case, the petition to that end being in the following form: "On August 11, 1933 my husband was killed while working at Mine No. 1 of the Consolidation Coal Co. I made a claim and an award was passed by your Commission allowing me compensation, but I think the award is too small, as I am satisfied the earnings of my husband were greater than those given consideration in my claim, and as I have a considerable number of his pay envelopes in my possession, I think that I can show your Commission that the award should be increased, and I am asking that my claim be set for a hearing at the next time the Commission meets in Cumberland to decide this issue."

The employer moved that the petition to reopen the case be dismissed "for the reason that the Commission by its award dated September 16, 1933, duly determined that the average weekly wage of the said David Stevenson was $9.26, and that from said finding of fact the said Agnes Stevenson took no appeal to the Circuit Court

for Allegany County within the period of thirty days as provided by law, and that therefore said finding of fact by this Commission is final and binding between all the parties to this cause, is res adjudicata, and not subject to review upon the said Agnes Stevenson petition to reopen the case for said purpose." The motion to dismiss was overruled, and the Commission thereafter proceeded to receive evidence, which consisted of testimony of the claimant, and of two statements from the records of the coal company showing her husband's weekly earnings for stated periods prior to his fatal accident. It was admitted by the claimant that she could not testify accurately as to the amounts of the wages paid her husband and that she "would be dependent upon the figures furnished by the mine." One of the wage statements showed the weekly payments of wages to the employee for six months before the accident, while the other listed such payments for a year preceding that unfortunate event. For the shorter period the average weekly wage is shown by the statements to be $9.26, but as calculated for a year the average was $10.19. The order passed by the commission, after the rehearing, adopted the latter figure as representing the employee's average weekly wage, but as that was not a sufficient basis for an increase of compensation beyond the original allowance of $8 per week, the order made no change in the amount of the previous award. It nevertheless "rescinded and annulled" the former order, while repeating the provision therein made for the payment of compensation to the claimant for the benefit of herself and the dependent child.

The employer and claimant both appealed to the Circuit Court for Allegany County. The appeal of the employer was not only from the modification of the commission's original order, but also from its refusal to grant the motion to dismiss the claimant's petition for a rehearing. It was the expressed object of the claimant's appeal to have the average weekly wage of her deceased husband determined. There was a motion by the employer in the Circuit Court that the claimant's appeal be dismissed

"for the reasons set forth in the written motion made by the employer before the Commission." The Circuit Court, as appears from a docket entry, granted the employer's motion to dismiss, and later passed an order as follows:

"Whereas, it appears in the above entitled cause that the claimant filed a petition with the State Industrial Accident Commission to reopen this cause and at the time of the hearing on said petition before the said commission the employer moved that the petition of the claimant to reopen should not be granted; and,

"Whereas, it appears that the State Industrial Accident Commission granted the petition of the claimant to reopen and denied the said motion of the employer and modified the previous award made by it in this cause; and,

"Whereas, it appears that said motion of said employer should have been granted.

"Now, therefore, it is ordered by the Circuit Court for Allegany County, this 2nd day of April, 1936, that the order of the State Industrial Accident Commission in the above cause allowing a re-hearing be, and the same is hereby reversed."

From that order the claimant has appealed to this court. The question presented is whether or not the State Industrial Accident Commission had lawful power to pass the order which the Circuit Court had under review.

Section 54 of article 101, of the Code (Workmen's Compensation Law), as amended by chapter 236, Acts of 1935, provides, in part: "The powers and jurisdiction of the Commission over each case shall be continuing and it may, from time to time, make such modifications or changes with respect to former findings or orders with respect thereto as in its opinion may be justified; provided, however, that no modification or change of any final award of compensation shall be made by the commission unless application therefor shall be made to the Commission within three years next following the last final award of compensation, but no award shall be con-

sidered a final award under this Section unless it shall have been so designated on the award by the Commission." The amending act of 1935 was in effect when the commission reopened and reheard the appellant's case. When the request for the rehearing was made, section 54, as amended by chapter 342 of the Acts of 1931, required that such an application should be made within one year after the final award of compensation. The application in this instance was filed within that prescribed period. As first enacted by chapter 800 of the Acts of 1914, section 54 contained no time limitation, but simply provided that the "powers and jurisdiction of the Commission over each case shall be continuing and it may from time to time make such modifications or change with respect to former findings or orders with respect thereto as in its opinion may be justified."

When considered with sole regard to its own comprehensive terms, section 54 would appear to confer upon the commission adequate authority to make the disputed modification of its former finding and order. But the effect of section 54 is said to be restricted by the provision of section 43 that if "aggravation, diminution or termination or [of] disability takes place or be discovered after the rate of compensation shall have been established or compensation terminated in any case, the Commission may, upon the application of any party in interest or upon its own motion, readjust for future application the rate of compensation in accordance with rules in this section provided, or in a proper case, terminate the payments." It is argued that the two sections should be construed together and harmonized so far as possible, and that the result of such a method of interpretation must be to limit the power of modification intended by section 54 to changes in disability conditions, as specified in section 43, occurring after compensation has been awarded.

The decision in *Gold Dust Corporation v. Zabawa,* 159 Md. 664, 152 A. 500, 501, is cited by the appellee to support that contention. The question in that case was

whether an appeal could be taken from a refusal by the State Industrial Accident Commission to reopen, for the purposes of a rehearing on the issue of compensable injury, the case of a workman whose claim had been disallowed and who had not appealed from the order having that effect. It was decided that the refusal of the commission to reopen the case was not appealable. The provision of section 56 of article 101, giving to any party feeling aggrieved by any decision of the commission affecting his interests the right to have it reviewed on appeal, was held not to sustain the right of appeal asserted in that case. It was said, in the opinion by Chief Judge Bond, "the refusal to reopen was a decision, of course, but it was only a decision not to interfere with a previous decision settling the merits of the claim. And it is regularly considered that a decision declining to interfere with a previous decision is not one intended to be included under a general statutory allowance of appeal from any decision." In the further course of the opinion it was said: "The provision in section 54 of the act for continuing jurisdiction in the commission in all cases, and power to make from time to time such modification or change with respect thereto as in its opinion may be justified, seems to provide nothing more than a power to reopen, and we do not see that it bears upon the right of appeal."

Reference was made in that opinion to the case of *Bethlehem Shipbuilding Corporation v. Simmons,* 143 Md. 506, 122 A. 678, in which it was held that there was a right of appeal from the commission's refusal to reopen a case to consider a claim under section 43 for additional compensation because of an increase of disability subsequently resulting from the accidental injury for which the original allowance had been ordered. As observed in the *Zabawa* case, the decision of the court in the *Simmons* case was "only that a refusal to reopen a claim to consider new conditions, arising from aggravation, diminution or termination of injury, was appealable. * * * It did not hold that refusal of an application for reopening

merely on the question previously decided would be a subject of appeal."

When there has been an aggravation, diminution, or termination of the injury for which compensation has been awarded, a new condition has arised which "any party in interest" is entitled to have the commission consider to the end that the allowance may be readjusted "for future application." A refusal to reopen the case for such a purpose is appealable because it is the denial of a right to a hearing by the commission upon a question not previously presented and decided. With respect to a question which the commission has once determined, none of the parties has a right to require that the case be reopened or to appeal from a refusal to comply with such a demand. But when the commission grants a request that a case be reopened, the question as to its power so to act is not governed by the same considerations as those which prevent an appeal from its refusal to order a rehearing upon an issue already determined. A successful application to the commission itself for a reconsideration of its action may be sustainable even though a right of appeal to a court from its refusal to grant the application could not be recognized. There may be adequate reasons why the commission would desire to reconsider a case upon request of a party in interest or on its own motion. The absolute denial of that authority might in some instances interfere with a completely just exercise of the commission's important functions. Such a restriction could hardly be reconciled with the broad terms of section 54, providing that the powers and jurisdiction of the commission shall be continuing, and that it may from time to time make such modifications with respect to its former findings or orders as may be justifiable in its opinion. That section was regarded in the *Zabawa* case as conferring upon the commission "a power to reopen," although its refusal to exercise the power was not subject to appellate review. If in that case no such authority had been found to exist, the decision would doubtless have been based simply and solely

on that ground, and a discussion of the general rule against appeals from the refusal to grant rehearings would have been unnecessary.

In *Saf-T-Cab Service v. Terry,* 167 Md. 46, 172 A. 608, a rehearing was granted by the commission, as requested by the claimant, with a view to the determination of the question whether he was employed by one or both of two affiliated corporations. That action was held to be within the power of the commission under section 54 of article 101 of the Code.

In *Ireland v. Shipley,* 165 Md. 90, 166 A. 593, the time limitation prescribed in section 54 was held to affect also orders under section 43, modifying awards of compensation.

If the power to reopen cases was intended to be confined to those in which the disability had become aggravated, diminished, or terminated, the limitation of time as to the exercise of the power could readily have been included in section 43, and the enactment of section 54 would have been superfluous. In our opinion section 54 was intended to have a broader effect than section 43 in the scope of the authority granted to the commission to reopen cases under circumstances justifying such action. Therefore, we are unable to agree with the view that the reopening and modifying order of the commission in the present case was beyond its legitimate power.

The case of *Georgia Casualty Co. v. Industrial Accident Commission,* 177 Cal. 289, 170 P. 625, cited by the appellee, was controlled by a statute which, while analogous to the Maryland Workmen's Compensation Law in some respects, included a provision that applications for rehearings should be made within twenty days, the commission, however, to have the right to review its awards upon the ground that the disability of the claimant had increased, diminished, or terminated, and it was held that, the commission having once denied an application for a rehearing, its power to alter its award was exhausted, except for the changes of conditions specified in the statute, and that it could not thereafter reopen the case

upon other grounds under a general provision somewhat similar to section 54 of the Maryland Act. The analogy between the provisions of the California and Maryland statutes is not sufficiently close to make the last-cited case a persuasive precedent for our present decision, even if it could otherwise be followed consistently with the effect of our own adjudications.

It is stated in the appellant's brief that the question which she wishes to have determined on her appeal is whether her deceased husband's average weekly earnings were properly computed by the commission upon the basis of the time he actually worked in the appellee's mine, or whether they should be estimated with respect to the time he would have been working if the mine had been operated eight hours a day and six days a week, the term "average weekly wages" being defined by the statute to mean "the average weekly wages earned by an employee when working on full time." Section 65 (8). The appeal to the Circuit Court, designed to procure a judicial determination of that question, should be entertained, as it was taken within thirty days (section 56, as amended by Acts 1935, c. 545), after the date of the order of the commission now in effect, by which its former order was annulled. *Saf-T-Cab Service v. Terry, supra.*

*Order reversed, with costs, and case remanded.*