## UNION MINING CO. *v.* DEL SIGNORA

[No. 182, October Term, 1947.]

56

*Decided June 17, 1948.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*John T. Fey,* with whom was *Charles Z. Heskett* on the brief, for the appellant.

*Edward J. Ryan* and *Edgar Paul Boyko,* with whom were *I. Duke Avnet* and *William L. Wilson, Jr.,* on the brief, for the appellee.

GRASON, J., delivered the opinion of the Court.

John Del Signora (appellee) was, on January 27, 1942, awarded compensation by the State Industrial Accident Commission for an accidental injury, arising out of and in the course of his employment with the Union Mining Company (appellant), which he sustained on December 13, 1941. Neither party appealed from this decision.

On September 24, 1943, appellant requested the Commission to grant it a hearing to determine whether the injury sustained by the appellee, because of the accident, was permanent, which was granted. On December 3, 1943, a hearing was held by the Commission; the parties, with their respective counsel, were present, and testimony taken. On December 29, 1943, the Commission found that "compensation for temporary total disability shall cease as of November 15, 1943, inclusive * * * that the claimant did not sustain any permanent injury as a result of his accident". The Commission noted that this order "is the final order in this case."

Nothing was done in the case until October 12, 1945, when counsel for appellee applied for a "review of award in the above case on the grounds of a change in conditions and for other reasons to be presented at the time of the hearing". Thereafter the matter was heard before the Commission in the presence of counsel for the respective parties, testimony was taken, and on the 21st day of March, 1946, the Commission passed the following order:

"This case was set for.hearings before the State Industrial Accident Commission at Cumberland, Maryland, on November 2, December 7, 1945, January 4, February 1, and March 1, 1946, at the request of the Claimant to determine the following issue:

"A change in conditions and for other reasons to be presented at the time of the hearing. At said hearings all parties were present, no testimony was taken at the hearings on November 2, 1945, January 4 and February 1, 1946. After due consideration of the testimony taken

at the last hearing requested, the Commission finds no change in the conditions of the claimant since the passage of the previous Order of this Commission, and will therefore affirm the Orders of December 29, 1943.

"It is, therefore, this 21st day of March, 1946, by the State Industrial Accident Commission Ordered that the Order of this Commission dated December 29, 1945, be and the same is hereby affirmed." (The last date in this order is wrong. It should be December 29, 1943.) From this order appellee appealed to the Circuit Court for Allegany County. In that court appellant moved to dismiss the appeal on the ground that the final order passed in the case by the Commission was dated December 29, 1943, and an appeal therefrom was not taken within thirty days. This motion was overruled. The case then proceeded to trial before two judges and a jury, which returned a verdict for the claimant, and from a judgment entered thereon the case comes here on appeal.

It is contended by the appellant that the appeal from the State Industrial Accident Commission was taken too late; that the final order was entered in this case by the Commission on December 29, 1943, and as no appeal was taken therefrom within thirty days, as provided by section 70 of Article 101, Code 1939; 1947 Supplement, Article 101, section 57, the claimant's appeal should be dismissed. This section is intended to cover, among other things, a case heard by the Commission in the first instance, where the Commission after a hearing, has awarded compensation to a claimant or dismissed his claim. In all such cases the above section provides that "any employer, employee, beneficiary or person feeling aggrieved by any decision of the Commission affecting his interests under this Article" may appeal within thirty days following the rendition of the decision appealed from. If an appeal is not taken the decision of the Commission is final. *Gold Dust Corporation v. Zabawa*, 159 Md. 664, 152 A. 500.

This claim was heard by the Commission on January 27, 1942, and it found for the claimant and awarded him compensation. No appeal was taken by the employer or the claimant. The rate of appellee's compensation for his injury was determined by the Commission's order of January 27, 1942; and terminated by its order of December 29, 1943. By its last order, the Commission's jurisdiction in the matter did not cease; it continued, as provided by Article 101, section 66, 1939 Code; Article 101, section 53; 1947 Supplement.

On September 24, 1943, the employer requested a hearing to determine whether or not the claimant sustained permanent injury as a result of the accident aforesaid, for which the Commission awarded him compensation on January 27, 1942. A hearing was held before the Commission, and on December 29, 1943, the Commission ordered that temporary total disability originally awarded the claimant shall cease as of November 15, 1943, and that the claimant did not sustain any permanent injury as a result of his accident of December 13, 1941. The Commission designated this order "the final order in this case". No appeal was taken from this order.

On October 12, 1945, the claimant asked "for a review of award on the grounds of a change in conditions (of claimant) and for other reasons". On March 21, 1946, the Commission dismissed the petition of the claimant and affirmed its order dated December 29, 1943, and from this order the claimant appealed.

Section 66, Article 101, Code 1939; article 101, section 53, Supplement 1947, provides:

"The powers and jurisdiction of the Commission over each case shall be continuing, and it may, from time to time, make such modifications or changes with respect to former findings or orders with respect thereto as in its opinion may be justified; provided, however, that no modification or change of any final award of compensation shall be made by the Commission unless application therefor shall be made to the Commission within three years next following the last final award of com-

pensation, but no award shall be considered a final award under this section unless it shall have been so designated on the award by the Commission. In cases where no final award shall have been made by the Commission, but an award not designated as a final award shall have been made by the Commission, no additional award or awards of compensation shall be made by the Commission unless application therefor be made to the Commission within three years next following the last payment of compensation under such award or awards not designated by the Commission as final."

Section 55, Article 101, Code 1939; article 101, section 42, Supplement 1947, provides:

"If aggravation, diminution or termination of disability take place or be discovered after the rate of compensation shall have been established or compensation terminated in any case, the Commission may, upon the application of any party in interest or upon its own motion, readjust for future application the rate of compensation in accordance with rules in this section provided, or in a proper case, terminate the payments."

The Commission reopened the case, and filed a final order thereon on December 29, 1943. Within three years from that date, to wit, October 12, 1945, appellee petitioned for a review on the grounds of a change in his condition, and for other reasons. The appellant contends that the final order terminated this case, and that the order of the Commission, of December 29, 1943, is *res judicata*.

After the Commission made the award in this case, and no appeal was taken therefrom, it retained jurisdiction over the matter, because section 66 provides that thereafter its jurisdiction was continuing. If thereafter, at a hearing initiated by either party or on its own motion, the Commission found there was a change in the condition of the claimant, for better or worse, it could change the award accordingly. If it found that the claimant had fully recovered from the effect of his injury, it could cease payments and make a final award, as it did in the case at bar.

"When there has been an aggravation, diminution, or termination of the injury for which compensation has been awarded, a new condition has arisen which 'any party in interest' is entitled to have the commission consider to the end that the allowance may be readjusted 'for future application'. A refusal to reopen the case for such a purpose is appealable because it is the denial of a right to a hearing by the commission upon a question not previously presented and decided." *Stevenson v. Hill,* 170 Md. 676, at page 683, 185 A. 551, at page 554.

In *Bethlehem Shipbuilding Corporation v. Simmons,* 143 Md. 506, 122 A. 678, 679, the court referred to the provision of the code then current and said:

"* * * if the appellant's contention that the Commission's order in refusing to reopen a case is a discretionary act, not subject to appeal, were a true exposition of the law, it would be possible for the Commission arbitrarily to refuse to reopen a case, thus effectually precluding an employee from ever securing an inquiry into the impaired state of his health, which may be visited upon him in the future as a direct result of the accident."

In *Gold Dust Corporation v. Zabawa, supra,* Chief Judge Bond, after quoting at length from the Simmons case, said [159 Md. 664, 152 A. 502]:

"What the court actually held (in the Simmons case) in the extract quoted was that refusal of a reopening to consider aggravation of injury was not permitted."

In the *Stevenson case, supra,* 170 Md. at page 682, 185 A. at page 554, the court said:

"As observed in the Zabawa case, the decision of the court in the Simmons case was 'only that a refusal to reopen a claim to consider new conditions, arising from aggravation, diminution or termination of injury, was appealable.' "

We hold that there was no error in the ruling of the trial court in overruling the employer's motion for dismissal of claimant's appeal.

*Judgment affirmed, with costs to appellee.*