494 A.2d 983

Danny R. RATCLIFFE

v.

CLARKE'S RED BARN, et al.

No. 1590, Sept. Term, 1984.

Court of Special Appeals of Maryland.

July 11, 1985.

294

Barry M. Chasen, Landover (Ashcraft & Gerel, Landover, on brief), for appellant.

Hal C.B. Clagett, III, Upper Marlboro, for appellees.

Argued before BISHOP, ROSALYN B. BELL and ROBERT M. BELL, JJ.

ROBERT M. BELL, Judge.

Danny R. Ratcliffe, appellant, while employed by Clarke's Red Barn, appellee, allegedly sustained a work related back injury on October 1, 1982. His claim for Workmen's Compensation was disallowed by order dated November 3, 1983, the Workmen's Compensation Commission having found that appellant did not sustain an accidental injury arising out of and in the course of his employment. An appeal from this order was noted in the Circuit Court for Prince George's County on December 12, 1983. Appellee's motion to dismiss the appeal as untimely filed[1] was granted and the appeal was dismissed on February 17, 1984.

On May 18, 1984, by Petition for Reopening alleging "newly discovered evidence,"[2] appellant requested the Commission to reopen his claim pursuant to Md.Code Ann. Art. 101, § 40(c).[3] That petition was denied by order dated June

---

1. Appeals from Commission decisions are pursuant to Md.Code Ann., Art. 101, § 56. They must be filed within 30 days of the action appealed from. *See* Md.Rule B4.

2. The newly discovered evidence relied upon was a report dated November 27, 1983 from Dr. Richard H. Dobson. It had not been considered by the Commission.

3. (c) Modifications or changes.—The powers and jurisdiction of the Commission over each case shall be continuing, and it may, from time to time, make such modifications or changes with respect to former findings or orders with respect thereto as in its opinion may be justified; provided, however, that no modification or change of any award of compensation shall be made by the Commission unless

7, 1984. Thereafter, appellant moved for reconsideration and rehearing, submitting as the basis, the same "newly discovered evidence" offered in his prior petition. Over appellee's opposition to the motion, the Commission, by order dated July 16, 1984, rescinded its June 7th order and ordered the matter set for rehearing.[4] At that hearing, held on August 20, 1984, no testimony was taken; however, significantly, this colloquy occurred:

THE COMMISSION: This is a rehearing?

MR. CHASEN: Yes.

THE COMMISSION: I don't remember whose it was.

MR. MEEHAN: The claimant asked for the rehearing. We have a transcript in that file, your Honor. We considered, having just spoken to Mr. Chasen ...

THE COMMISSION: All right. Excuse me.

MR. MEEHAN: We just chatted a minute. I had an idea that I would submit on the transcript. Mr. Chasen has the same idea.

THE COMMISSION: All right. Do I have that transcript?

MR. MEEHAN: Do I say that correctly?

MR. CHASEN: Yes. Commissioner, I'd like to refresh your recollection about this case if I can for a moment.

THE COMMISSION: All right.

MR. CHASEN: Mr. Ratcliffe's hearing was held on October 24, 1983 and he was represented by Mr. Richard Starkey at that time. You denied accidental injury in the case on November 3rd and Mr. Ratcliffe consulted me on November 21st.

---

application therefor shall be made to the Commission within five years next following the last payment of compensation.

**4.** Appellee, although subject to the provisions of Md.Code Ann. Art. 101 et seq., the Workmen's Compensation Act, see § 21(a)(1), at the time of the incident, was uninsured for Workmen's Compensation purposes. Therefore, the Uninsured Employer's Fund was joined as a party before the Commission, *See* § 90 and the Subsequent Injury Fund intervened in appellant's appeal to the Circuit Court and participated in the proceedings there. It did not submit a brief to this Court.

THE COMMISSION: All right.

MR. CHASEN: I filed an appeal in this case, I believe on December 8th or 9th and Mr. Meehan made a Motion To Dismiss, and that was granted by the Circuit Court following that.

THE COMMISSION: Well, is this the case you mentioned to me where there was some mention that the appeal was not timely affected? I simply said I'd allow you to reopen so you can affect the appeal.

MR. CHASEN: That's right.

THE COMMISSION: I really don't need a transcript for that.

MR. MEEHAN: I wasn't present at the hearing.

THE COMMISSION: Really wasn't a hearing. What happened was, I think I ran into Barry, I believe, and you mentioned to me that apparently the case had not been timely filed and I referred to some case, I forget what it was. But anyway I said that if the only issue was a matter of, you know, timeliness I would simply just go ahead and grant the rehearing, affirm the original order and let you take the appeal.

MR. MEEHAN: There is a transcript on file in this case.

THE COMMISSION: All right.

MR. MEEHAN: Now, we, of course, on the record are going to object to both granting of the rehearing since the fifteen days for the rehearing request has passed. And since the question of newly discovered evidence is involved we believe there is no newly discovered evidence. You obviously have made a different decision on that and we want to put an objection to the rehearing, granting of the rehearing on the record also.

THE COMMISSION: All right.

MR. CHASEN: Commissioner, just in support of the claimants [sic] contention we have submitted with our petition report from Dr. Richard Dobson dated, I believe, November 27, 1983.

THE COMMISSION: I won't treat it as a rehearing. I will have to treat it as a petition to reopen under Section 40–C.

MR. CHASEN: Right.

THE COMMISSION: You, nevertheless are going to object.

MR. MEEHAN: You leave me no return [sic] Mr. Commissioner. Very well.

THE COMMISSION: I know your position. You may have a very valid one but I just felt, you know, this is a law supposedly social legislation to be liberly [sic] construed. I could have been wrong. I'd like for the claimant to have the right to prove that. All right.

Following this hearing, in an order dated September 21, 1984, the Commission, recited that it had "under its continuing powers and jurisdiction pursuant to the provisions of Section 40(c) of Article 101, granted [appellant's] Motion for Rehearing" and then affirmed its prior order disallowing appellant's claim.

Appellant noted a timely appeal to the circuit court and appellee moved to dismiss the appeal because *inter alia* "[t]he September 21, 1984 Order of the Commission was issued only for the purpose of attempting to reinstate the date from which an appeal of the November 3, 1983 Order might be taken, and is inappropriate, illegal, and should be voided." The court agreed; thus, the appeal was dismissed.

On this appeal, appellant, asserting that the reopening of his claim was discretionary with the Commission, challenges the propriety of the circuit court's dismissal of his appeal. Relying on *Subsequent Injury Fund v. Baker*, 40 Md.App. 339, 392 A.2d 94 (1978); *Adkins v. Weisner*, 238 Md. 411, 209 A.2d 255 (1965); *Charles Freeland & Sons, Inc. v. Couplin*, 211 Md. 160, 126 A.2d 606 (1956); *Hatchcock v. Loftin*, 179 Md. 676, 22 A.2d 479 (1941); *Stevenson v. Hill*, 170 Md. 676, 185 A. 551 (1936), he points out that the Commission, under § 40(c), has broad power, as well as continuing jurisdiction to reopen a case for consideration of

questions previously decided. He contends that the Commission may base its decision on newly discovered evidence, which evidence need not be presented in any particular form; that is, it need not be presented in the form of testimony.[5] On the other hand, appellee, conceding the breadth of § 40(c), simply contends that it does not empower the Commission to reopen a case solely for the purpose of permitting a claimant to correct his failure to file a timely appeal.

In *Couplin*, the case on which appellant most heavily relies, the Commission denied the claim for benefits filed by the wife of an employee who had been killed in a logging accident. After the time for noting an appeal had expired, her appeal, which had been filed in the wrong court, was dismissed. The claimant subsequently petitioned to reopen her claim with the Commission on the grounds of "newly discovered evidence". The Commission granted her petition and, after taking testimony, affirmed its prior denial of the claim. Following her timely appeal, this time, to the proper court and a jury trial, the claimant prevailed. Concerning the issue presented by the employer's appeal of the judgment entered after the jury verdict, the Court of Appeals commented:

> [I]t must be decided whether the Commission had the power to reopen the case more than fifteen months after its original decision refusing to allow the claim, and thereby make it possible for claimant to appeal from the second rejection of her claim more than fifteen months after she had lost her right to appeal from the Commission's first rejection.

*Id.* [211 Md.] at 164, 126 A.2d 606.

The Court, recognizing that "[s]ince the appeal from the first decision was ineffective it follows that claimant could

---

5. Appellee argued in the circuit court, and in his brief in this Court, that *Couplin* is distinguishable from the case *sub judice* because in *Couplin* testimony was taken prior to reopening, while here, it was not.

not have taken the second appeal unless the Commission had revived a right of appeal by reopening the case and reaffirming its first decision", *id.*, then reviewed its decisions concerning the power of the Commission, pursuant to § 53,[6] to reopen its cases[7] and found that § 53 "made it legally possible for claimant to take an appeal from its decision refusing her compensation." *Id.* at 168, 126 A.2d 606.

■■■ *Couplin* makes clear beyond peradventure that § 40(c) authorizes the Commission to reopen a case for the purpose of reconsidering an issue already decided and, further, that the decision subsequently rendered is appealable even though the time for appealing its original decision has passed. And "[n]othing in Section 40(c) *supra*, limits ... the reopening of a case to instances where there is a change of facts or newly discovered evidence," *Subsequent Injury Fund v. Baker*, 40 Md.App. 339, 346, 392 A.2d 94 (1978), so long as the Commission determines that a change in the decision is justified. *Id.* at 345, 392 A.2d 94. "In a real sense, § 40(c) gives the Commission a revisionary power akin to that available to the courts under Md.Ann.Code, Courts article, § 6–408, and Maryland Rule 625a [present Rule 2–535], but without the thirty day limitation." *Vinci v. Allied Research*, 51 Md.App. 517, 522, 444 A.2d 462 (1982). That Section is not, however, unlimited. It does not empower the Commission to overrule a judgment entered

---

6. Predecessor of present § 40(c).

7. *Stevenson v. Hill*, 170 Md. 676, 185 A. 551 (1936) (reopening appropriate to permit claimant to show the earnings of deceased were greater than Commission had decided); *Dyson v. Pen Mar Co., Inc.*, 195 Md. 107, 73 A.2d 4 (1950) (Commission may reopen case to reconsider a question previously decided); *Saf-T-Cab Service v. Terry*, 167 Md. 46, 172 A. 608 (1934) (Commission may reopen case to add party and final decision rendered thereafter is appealable even though the later decision is rendered more than 30 days from the first decision); *Kelly-Springfield Co. v. Roland*, 197 Md. 354, 79 A.2d 153 (1951) (when Commission reopens for purpose of determining the issue of continuing liability, the issue of primary liability, may also be litigated and the decision thereon is appealable.)

by a court following an appeal of the Commission's order. *Vinci v. Allied Research, supra.* Nor does it empower the Commission to confer jurisdiction on the circuit court without actually reconsidering its prior decision.

■ The record of the August 20, 1984 hearing leaves no doubt as to the sole reason for reopening appellant's case. Although appellant proffered what it considered to be "newly discovered evidence",[8] the Commissioner, early in the proceedings acknowledged, and later confirmed his intention to reopen the case "so [appellant] can affect [sic] the appeal." We are not persuaded that appellant's comments concerning, or the offer of, Dr. Dobson's report, or the fact that the order was not signed until September 21, 1984, indicate that the Commissioner abandoned his expressed reason for reopening.

■ The Courts of this State have consistently held that the parties to litigation cannot confer jurisdiction upon a court. *Brodak v. Brodak,* 294 Md. 10, 447 A.2d 847 (1982); *See also Stewart v. State,* 287 Md. 524, 413 A.2d 1337 (1980); *Russell v. Russell,* 50 Md.App. 185, 436 A.2d 524 (1981); *Zorich v. Zorich,* 63 Md.App. 710, 493 A.2d 1096 (1985). We now hold that the Commission may not, under the guise of reopening pursuant to § 40(c), confer jurisdiction on the circuit court. This principle necessarily follows if Art. 101, § 56 and Md.Rule B4 are to continue to have meaning. If it were otherwise, the Commission alone would determine the time for the appeal of its orders. This, in turn, could result, even when no appeal was taken from the initial decision, in appeal periods of up to five years.[9] We have found no cases which sanction such a result, and we do not believe the General Assembly intended it.

---

**8.** We express no opinion as to the appropriateness of reopening on the basis of Dr. Dobson's letter.

**9.** See footnote 3, supra.

**302**

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.