629 A.2d 619

MONTGOMERY COUNTY, MARYLAND

v.

Daniel WARD.

No. 115, Sept. Term, 1991.

Court of Appeals of Maryland.

Aug. 23, 1993.

James J. Cagley, Asst. County Atty. (Joyce R. Stern, County Atty., Joann Robertson, Sr. Asst. County Atty., all on brief) Rockville, for petitioner.

Stephen H. Chirumbole (Law Offices of John H. Conrad, both on brief) Gaithersburg, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

ELDRIDGE, Judge.

The Workers' Compensation Commission in this case, after a hearing, denied a claim for compensation and thereafter denied the claimant's motion for a rehearing. Twenty-one days after the Commission's denial of a rehearing, the claimant asked the Commission to "review" the denial of the rehearing. The Commission granted the request, rescinded the earlier order denying a rehearing, and "reset" the case for the rehearing. The employer then sought judicial review of the Commission's order granting the request and resetting the case for a rehearing. The dispositive issue before us concerns the employer's entitlement to judicial review at this time.[1]

Mr. Daniel Ward, a construction worker, claimed that he accidentally injured his back while at work when he lifted a heavy piece of concrete. He filed a claim for compensation with the Workers' Compensation Commission. His employer, Montgomery County, contested the claim, raising the issues of

---

1. At the time of the litigation below, the Workers' Compensation Act was codified as Maryland Code (1957, 1985 Repl.Vol.), Art. 101. By Ch. 8 of the Acts of 1991, the statute was re-enacted with wording changes and renumbered, and is now contained in Code (1991, 1992 Supp.), Title 9 of the Labor and Employment Article. The sections pertinent to this opinion were re-enacted without substantive change. For convenience, we usually shall refer to the current statutory sections.

whether Mr. Ward sustained an accidental injury which arose out of and in the course of his employment and whether his disability was the result of the alleged on-the-job injury.

The Commission held a hearing and thereafter, on September 21, 1989, issued an order disallowing Mr. Ward's claim. The Commission found that Mr. Ward had not sustained an accidental personal injury arising out of and in the course of his employment and that his disability was not caused by the alleged accidental injury.

Eleven days later, on October 2, 1989, Mr. Ward filed a motion for rehearing, asserting that he had just identified a witness to the alleged accidental injury.[2] The employer opposed the motion, contending that under the circumstances the witness's identity did not constitute newly discovered evidence and that Mr. Ward had not complied with the Commission's procedural rules regarding motions for rehearing on the ground of newly discovered evidence.[3] On October 12, 1989, the Commission denied Mr. Ward's motion for rehearing.

Mr. Ward then submitted on November 2, 1989, a letter requesting "review [of] your denial of Claimant's Motion for Rehearing as the Commission has continuing jurisdiction under Section 40(c) of the Workers' Compensation law."[4] The

---

**2.** A party may file a motion for rehearing within 15 days from the date of the Commission's decision. Code (1991), § 9–726(a) of the Labor and Employment Article. The only grounds upon which a rehearing may be granted are error of law or newly discovered evidence. § 9–726(d)(3).

**3.** By Code of Maryland Regulations (COMAR) (1992), 14.09.01.14.D(3) (formerly COMAR (1983), 14.09.01.10.C), a party seeking a rehearing on the basis of newly discovered evidence must describe specifically the new evidence and must state the reason for the delay in discovering the evidence. In addition, the movant must include copies of all documentary evidence forming the basis for the motion.

**4.** The continuing powers and jurisdiction provision is now found in § 9–736(b) of the Labor and Employment Article, which provides as follows:

Commission responded by an order dated November 16, 1989, which stated in part as follows:

"It is ... this 16th day of November, 1989, by the Workers' Compensation Commission ORDERED that the Order dated October 12, 1989, be and the same is hereby rescinded and annulled; and further ORDERED that the case be reset for Rehearing before the Undersigned."

The employer then filed in the Circuit Court for Montgomery County the present action for judicial review of the Commission's order of November 16. In the circuit court, each party moved for summary judgment. In its motion, the employer argued that the November 2, 1992, letter was essentially a second motion for rehearing, which is not provided for by statute or by the Commission's rules. Consequently, the employer's argument continued, Mr. Ward's only remedy following the Commission's denial of his October motion for rehearing was to file a petition for judicial review within thirty days after October 12, 1989.[5] The employer further argued

---

"(b) *Continuing powers and jurisdiction; modification.*—(1) The Commission has continuing powers and jurisdiction over each claim under this title.

(2) Subject to paragraph (3) of this subsection, the Commission may modify any finding or order as the Commission considers justified.

(3) Except as provided in subsection (c) of this section, the Commission may not modify an award unless the modification is applied for within 5 years after the last compensation payment."

5. Under former Maryland Rule B4, a party aggrieved by an agency decision generally had thirty days within which to file an action for judicial review in the circuit court. Effective July 1, 1993, Chapter 1100, Subtitle B, of the Maryland Rules was rescinded and replaced by Title 7 of the Maryland Rules, governing, *inter alia*, judicial review of administrative agency decisions. Rule 7–203 replaces the former Rule B4 and provides as follows:

"(a) **Generally**

Except as otherwise provided in this Rule or by statute, a petition for judicial review shall be filed within 30 days after the latest of:

(1) the date of the order or action of which review is sought;

(2) the date the administrative agency sent notice of the order or action to the petitioner, if notice was required by law to be sent to the petitioner; or

that the time for filing such a petition was not stayed by the November request for reconsideration and that, therefore, the October 12th denial of rehearing became absolutely final when no action for judicial review was filed within thirty days thereafter. In his motion for summary judgment, Mr. Ward argued that in November he had simply asked the Commission to modify one of its orders. Mr. Ward maintained that modification of an order denying rehearing is within the broad powers conferred on the Commission by § 9–736(b) of the Labor and Employment Article. In response, the employer contended that § 9–736(b) only applies where there has been an award of compensation. After a hearing, the circuit court granted Mr. Ward's motion for summary judgment and denied the employer's motion.

The employer noted an appeal to the Court of Special Appeals. The intermediate appellate court, in an unreported opinion, affirmed the judgment of the circuit court. The Court of Special Appeals held that the Commission had continuing jurisdiction under § 9–736(b) to grant Mr. Ward's November request for modification. The court reasoned that the thirty-day time period for filing a petition for judicial review of the Commission's October 12th order had not expired because that order lost its finality when the Commission agreed to review it. The Court of Special Appeals stated that the Commission, "by accepting a motion for review and ruling thereon, extended the time for appeal pursuant to its authority to modify under [§ 9–736(b) ]." The appellate court concluded that the Commission did not lose its continuing authority over the claim by virtue of the running of the time for filing a petition for judicial review.

———

(3) the date the petitioner received notice of the agency's order or action, if notice was required by law to be received by the petitioner.
**(b) Petition by Other Party**
If one party files a timely petition, any other person may file a petition within 10 days after the date the agency mailed notice of the filing of the first petition, or within the time period set forth in section (a), whichever is later."

Thereafter, the employer petitioned this Court for a writ of certiorari which we granted.

As a threshold matter, we address the issue of whether the Commission's November 16, 1989, order setting the case for a rehearing was final and subject to immediate judicial review.[6]

■ The right to judicial review of a decision of the Workers' Compensation Commission is provided by § 9–737 of the Labor and Employment Article, which states:

"An employer, covered employee, dependent of a covered employee, or any other interested person aggrieved by a decision of the Commission, including the Subsequent Injury Fund and the Uninsured Employers' Fund, may appeal from the decision of the Commission in accordance with Subtitle B of the Maryland Rules."[7]

Under our cases, it is well-established that the "decision" of the Commission which is subject to judicial review under the statutory language is the *final* decision or order in a case. *Murray International v. Graham,* 315 Md. 543, 553, 555 A.2d 502, 507 (1989) (defining a final order or final action of the Commission for purposes of judicial review); *Paolino v.*

---

**6.** Mr. Ward raised the issue of the finality of the Commission's order for the first time in this Court; it was not raised in or decided by the trial court or the Court of Special Appeals. Furthermore, the issue does not strictly involve the subject-matter jurisdiction of the circuit court to entertain the action for judicial review. Ordinarily, we would not address an issue which was not raised below. Maryland Rule 8–131(a). We shall consider this issue, however, in light of *Bd. of Ed. for Dorchester Co. v. Hubbard,* 305 Md. 774, 787, 506 A.2d 625, 631 (1986), where we stated as follows:

"While the failure to invoke and exhaust an administrative remedy does not ordinarily result in a trial court's being deprived of fundamental jurisdiction, nevertheless, because of the public policy involved, the matter is for some purposes treated *like* a jurisdictional question. Consequently, issues of primary jurisdiction and exhaustion of administrative remedies will be addressed by this Court sua sponte even though not raised by any party."

**7.** The provision for judicial review was formerly codified in Code (1957, 1985 Repl.Vol.), Art. 101, § 56(a). As previously noted, *supra* note 5, former Subtitle B of the Maryland Rules is now set forth as Title 7, Chapter 200, of the Maryland Rules; these provisions govern judicial review of administrative agencies.

*McCormick & Co.,* 314 Md. 575, 582, 552 A.2d 868, 871 (1989); *Big Vein Coal Co. v. Leasure,* 192 Md. 435, 437, 64 A.2d 563, 564 (1949); *Tobacco Company v. Goslin,* 163 Md. 74, 78, 160 A. 804, 806 (1932) ("by 'decision' is obviously meant the order by which [the Commission] disposes of the case"). *See Holiday Spas v. Montgomery County,* 315 Md. 390, 395, 554 A.2d 1197, 1199 (1989) ("As a general rule, an action for judicial review of an administrative order will lie only if the administrative order is final"); *Md. Comm'n on Human Rel. v. B.G. & E. Co.,* 296 Md. 46, 51, 459 A.2d 205, 209 (1983) ("Generally, a party can resort to a court only when there is a final order in the administrative proceeding"). *See also Gold Dust Corp. v. Zabawa,* 159 Md. 664, 666–667, 152 A. 500, 501 (1930).

The employer argues, however, that this case falls within an "exception" to the principle requiring finality. The employer contends that an interlocutory administrative order is immediately subject to judicial review when "the issue on appeal is whether the [agency] exceeded its jurisdiction." (Reply Brief at 6).

We have held that the "exception" relied upon by the employer is applicable only under circumstances "where an 'agency is palpably without jurisdiction.'" *Comm'n on Human Rel. v. Mass Transit,* 294 Md. 225, 235, 449 A.2d 385, 390 (1982) (quoting Davis, *Administrative Law Treatise,* Ch. 20, § 20.01 (1958)). *See Prince George's Co. v. Blumberg,* 288 Md. 275, 292, 418 A.2d 1155, 1165 (1980), *cert. denied,* 449 U.S. 1083, 101 S.Ct. 869, 66 L.Ed.2d 808 (1981). The Commission was not "palpably without jurisdiction" in this case. Its jurisdiction clearly extends to workers' compensation cases, to compensation claims based on accidental injury in general, and to this claim in particular. *See Comm'n on Human Rel. v. Mass Transit, supra,* 294 Md. at 235, 449 A.2d at 390.

The disputed issue in the present case does not concern the Commission's fundamental "jurisdiction." Instead, the debate concerns the interpretation of a procedural provision in the Commission's governing statute. At bottom, the employer's complaint is that the Commission misinterpreted the statute

granting the Commission continuing authority over claims. The employer contends that the Commission violated the statute by setting Mr. Ward's claim for a rehearing, that, therefore, the Commission was without "jurisdiction," and that, consequently, the case is within the "jurisdictional" exception to the rule requiring a final administrative decision as a prerequisite for judicial review. We considered and rejected a similar argument in *Comm'n on Human Rel. v. Mass Transit, supra,* 294 Md. at 233, 449 A.2d at 389, stating:

> "The MTA in the present case has couched the statutory interpretation issue in terms of the Commission's 'authority' or 'power' or 'jurisdiction,' and has charged that the Commission is attempting to 'expand' its jurisdiction and proceed in an unauthorized manner. Nevertheless, many, if not most, statutory interpretation issues arising in administrative proceedings could be phrased in terms of the agency's 'authority,' 'power' or 'jurisdiction' to take a certain type of action in a specific case. A party's argument that an agency will be exceeding its authority if it ultimately interprets the statute and decides the case contrary to that party's position, does not excuse the failure to await a final agency decision."

Thus, the present case does not fall within a "jurisdictional" exception to the principle requiring administrative finality as a condition for judicial review. If the Commission's order setting Mr. Ward's case for rehearing was not final, then it was improper for the circuit court to have undertaken judicial review of the order.

■ The Commission's order of November 16, 1989, was clearly not a final administrative decision. In *Md. Comm'n on Human Rel. v. B.G. & E. Co., supra,* 296 Md. at 56, 459 A.2d at 211, this Court summarized the controlling principles as follows:

> "[O]rdinarily the action of an administrative agency, like the order of a court, is final if it determines or concludes the rights of the parties, or if it denies the parties means of further prosecuting or defending their rights and interests

in the subject matter in proceedings before the agency, thus leaving nothing further for the agency to do."

Applying these principles, we held in the *B.G. & E.* case that an administrative agency's order, remanding a case to a hearing officer for further agency proceedings, "was not a final decision entitling B G & E to immediate judicial review." 296 Md. at 58, 459 A.2d at 212. *See also Paolino v. McCormick & Co., supra,* 314 Md. at 582, 552 A.2d at 871–872.

The Commission's order setting the case for rehearing did not determine or conclude the rights of the parties before the Commission, and it did not deny the parties the means to further prosecute their positions and interests before that agency. Most importantly, it did not terminate the proceedings before the Commission. The order puts the parties' contentions back before the agency.

As the Commission's order was not final, the judgments of the courts below must be vacated and the case remanded to the circuit court with instructions to dismiss the action. Consequently, we do not reach the issue concerning the propriety of the Commission's reopening Mr. Ward's claim.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED, AND CASE REMANDED TO THE COURT OF SPECIAL APPEALS WITH DIRECTIONS TO VACATE THE JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY AND TO REMAND THE CASE TO THE CIRCUIT COURT FOR MONTGOMERY COUNTY WITH DIRECTIONS TO DISMISS THE ACTION. PETITIONER TO PAY COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS.*

Dissenting Opinion by MCAULIFFE, J., in which MURPHY, C.J., and CHASANOW, J., join.

McAULIFFE, Judge, dissenting.

I am of the opinion that the Workers' Compensation Commission was "palpably without jurisdiction" when, by its order of 16 November 1989, it attempted to take action with respect

to a case that had become final and had passed completely beyond the powers granted to the Commission. The Workers' Compensation Commission is a creature of statute; it possesses only the powers given it by statute or rule. The claim at issue was clearly within the subject matter jurisdiction of the Commission—indeed, the Commission had exercised its jurisdiction over the claim, denied it, and denied a motion for rehearing. No appeal was taken. Instead, more than 30 days after the Commission had disallowed the claim, and some 21 days after the Commission had denied the motion for rehearing, the claimant's attorney sent the Commission a letter requesting that the Commission resuscitate the claim pursuant to a power allegedly existing under what was then § 40C of the Workers' Compensation law.

In the view taken by the claimant, Mr. Ward, it would not matter whether 30 days or 30 years had passed following the denial of the claim; the claimant could continue to advance new theories and proffer new witnesses *ad infinitum,* and if the interest of a commissioner were sparked, the claim could be resurrected like Lazarus. I do not believe that the legislature, by the enactment of Article 101, § 40C, now § 9–736(b) of the Labor and Employment Article, intended to grant the Commission such power. In the discussion that follows, I shall refer to the current codification of the applicable sections of the Workers' Compensation law.

If a party is aggrieved by the Commission's decision on a claim, the party may either move for a rehearing before the Commission under § 9–726 or file a petition for judicial review of the agency's action under § 9–737. The motion for rehearing must be based on grounds of newly discovered evidence or error of law, § 9–726(d)(3), and must be filed within fifteen days of the Commission's decision, § 9–726(a).[1] The petition

---

1. By regulation, COMAR 14.09.01.10 (in effect at the time this case arose), now COMAR 14.09.01.14D, the motion for rehearing must contain specific information in support of the motion. If the motion is based on an allegation of newly discovered evidence, it must describe the evidence specifically and set forth the reasons for the delay in discovering the evidence.

for judicial review generally must be filed within thirty days of the Commission's decision. Maryland Rule 7–203. If the party files a timely motion for rehearing, the time for filing a petition for judicial review is stayed until the motion is denied or, if the motion is granted, until the Commission issues its new order. § 9–726(f).

The provision for rehearing is designed to assure "that the Commission has a reasonable opportunity to give full consideration to timely and substantive allegations that question the propriety of its orders before a controversy moves on to the judicial level." *Alitalia v. Tornillo*, 320 Md. 192, 197, 577 A.2d 34, 37 (1990). A timely filed motion for rehearing operates as a stay of the time for filing an action for judicial review, in order to further the policy of reducing the number of judicial review actions. As this Court explained in *Stinnett v. Cort Furniture*, 315 Md. 448, 454, 554 A.2d 1226, 1228 (1989), a party who moves for rehearing "need not be concerned with an appeal until after the disposition of the motion. Success on the motion, of course, would obviate the need for any appeal."

The Workers' Compensation Act, however, makes no provision for a second motion for rehearing. Once the motion for rehearing is ruled upon, the time for filing a petition for judicial review begins to run. "[T]he time within which an appeal may be taken from the decision [on the motion for rehearing] starts on ... the date on which the Commission denies the motion for a rehearing...." § 9–726(f)(1). The statute contemplates that once a motion for rehearing is denied, an aggrieved party should petition for judicial review if further proceedings are desired. Consequently, the Commission in this case did not have the option to consider a second motion for rehearing.

Mr. Ward argues, however, that he did not make a second motion for rehearing. He contends that he invoked the statutory provision granting continuing authority to the Commission and that he asked the Commission to modify its October 12, 1988, order under such continuing authority.

Section 9–736, providing for the continuing authority of the Commission over orders, states:

(a) *Readjustment of rate of compensation.*—If aggravation, diminution, or termination of disability takes place or is discovered after the rate of compensation is set or compensation is terminated, the Commission, on the application of any party in interest or on its own motion, may:

(1) readjust for future application the rate of compensation; or

(2) if appropriate, terminate the payments.

(b) *Continuing powers and jurisdiction; modification.*—(1) The Commission has continuing powers and jurisdiction over each claim under this title.

(2) Subject to paragraph (3) of this subsection, the Commission may modify any finding or order as the Commission considers justified.

(3) Except as provided in subsection (c) of this section, the Commission may not modify an award unless the modification is applied for within 5 years after the last compensation payment.

(c) *Estoppel; fraud.*—(1) If it is established that a party failed to file an application for modification of an award because of fraud or facts and circumstances amounting to an estoppel, the party shall apply for modification of an award within 1 year after:

(i) the date of discovery of the fraud; or

(ii) the date when the facts and circumstances amounting to an estoppel ceased to operate.

(2) Failure to file an application for modification in accordance with paragraph (1) of this subsection bars modification under this title.

The employer contends that § 9–736(b) does not apply to claims which have been entirely denied but, instead, applies only to allow "reopening of a previously-found compensable claim...." (Reply Brief at 4). In support of this contention, the employer notes that subsection (b)(3) expressly provides

that a claimant must apply for a modification *of an award* within five years of the last payment of compensation. In response, Mr. Ward argues that subsection (b)(3) does not limit the orders which may be modified under (b)(1) or (b)(2). He contends that the subsections must be read as separate provisions. The five-year time limit by its terms applies only to modification of awards; therefore, Mr. Ward asserts, there is no time limit on the Commission's continuing authority over modifications of orders other than awards.

I disagree with Mr. Ward's interpretation of the statute. Although the Commission's continuing authority under § 9–736(b) may well be broad, I do not believe that it extends to the situation presented by this case.

The language of § 9–736 as a whole strongly suggests that the section is applicable only where there has been a prior award for disability. Subsection (a) deals with the Commission's authority if there is an aggravation, diminution, or termination of disability. Subsection (b) grants to the Commission authority to modify an "award" within five years after the last payment of compensation. Subsection (c) relates to the failure to apply for modification of an award. The entire section is designed to enable the Commission to address a claimant's changing medical condition or other circumstances affecting a prior award. When a claimant, already determined to be disabled to some extent, experiences a change in condition, the Commission may change the compensation during the period of the payments. The Commission retains the power to change the award even after the compensation payments have ended, as long as application for the modification is made within the five year limitations period. § 9–736(b)(3). It would be unreasonable, however, to construe the Commission's continuing authority to be of longer duration in cases where the claimant has been determined not to be disabled than in cases where there has been a determination of disability and an award of compensation.

Moreover, under Mr. Ward's construction of § 9–736, there would be little reason for the fifteen-day limitation in § 9–

726(a) for a party to file a motion for rehearing. Mr. Ward's view of the statute would render § 9–726 largely nugatory. In cases where an award has been made, § 9–736(b)(3) gives the Commission continuing authority over the claim for five years after the last payment of compensation. In all other cases, under Mr. Ward's construction of the statute, the Commission would have continuing authority over the claim forever. A dissatisfied party could simply request that the Commission reopen the case, whether or not there had been a timely motion for rehearing. The General Assembly certainly did not intend to expose parties to this potential for endless litigation. *Cf. Stinnett v. Cort Furniture, supra,* 315 Md. at 456–457, 554 A.2d at 1229–1230; *Ratcliffe v. Clarke's Red Barn,* 64 Md.App. 293, 301, 494 A.2d 983, 987 (1985) (The Commission's continuing authority over claims does not allow it to reopen a case in order to restart the running of the time for filing an action for judicial review).

In cases where the Commission has denied the claim, where there has never been an award of any kind, and where the Commission has denied a motion for rehearing under § 9–726, the Commission does not have authority by virtue of § 9–736 to modify a previous denial of a motion for rehearing.

Under these particular circumstances, the attempt by the Commission to exercise power when it clearly had none represents an excess of its limited jurisdiction that should be subject to immediate appeal. I would reverse the judgment of the Court of Special Appeals and direct that the Commission's order of 16 November 1989 be vacated.

MURPHY, C.J., and CHASANOW, J., join in this dissent.